ARMSTRONG, Judge.
We affirm the judgment of the trial court which held that the defendant was free from all fault for injuries that plaintiffs allegedly suffered from a vehicular accident. At trial, the defendant successfully urged the defense of sudden emergency. An independent witness confirmed that a “green car” veered into the defendant’s path and caused her to strike the guard rail and then hit plaintiffs’ vehicle.
On October 21, 1985 at approximately 5:00 p.m., during rush hour traffic, while driving on Interstate 10 (I — 10) in New Orleans, Louisiana, the parties were involved in a vehicular accident. The plaintiffs’ and defendant’s vehicles were both headed east near the junction of I — 10 and 1-610.
The plaintiffs included the driver (Catherine Ketchens) and passengers (Demetria Ketchens, Gloria Jones and Darrel Jones) in a 1980 Chevrolet Camero that was traveling slowly in the far left lane. At the time of the collision, the defendant was proceeding in the far right lane at approxi *128 mately 45 miles per hour. The independent witness was driving in the middle lane and viewed the accident.
The defendant, Joycelyn Jones, was proceeding in the right lane when a !‘green car” cut into her lane suddenly, without warning. Faced with a vehicle immediately in her path, the defendant turned sharply to the right and hit the guard rail. She then turned sharply to the left away from the guard rail. At this time, the “green vehicle” returned to the middle lane and again was in defendant’s path. Defendant swerved to the left away from the green car and ran into plaintiffs vehicle which was in the far left lane.
The independent witness, Marva Arcen-eaux, confirmed conclusively that the “green car” veered into defendant’s lane suddenly, without warning. The independent witness provided credible testimony that defendant was forced to take evasive action. The plaintiff failed to refute Ms. Arceneaux’s testimony.
Further, the witness copied down the license number on the “green car”, but efforts to locate the owner and/or driver have proved fruitless. The plaintiffs who testified admitted that they were unaware of events immediately prior to the collision. In short, they did not know how the accident occurred.
Dr. Craig Turner testified for the plaintiffs concerning the extent of their injuries.
Both parties cite favorably Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972). In this case, the Supreme Court stated:
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all of the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.
In Hickman, the Supreme Court found that a sudden emergency existed when a motorcycle driver veered to the left to avoid a collision with a truck that entered the highway. The motorcycle then struck another driver causing him injury. The Supreme Court held that the defendant driver who was faced with the sudden emergency was free from fault.
Elements of a sudden emergency include a position of imminent peril; no sufficient time to consider the circumstances and weigh alternatives; and the situation is not created by the driver’s own negligence.
Applying these criteria to the case at bar, we conclude that Ms. Jones acted as a reasonably prudent driver when faced with a “green car” suddenly pulling directly in front of her path. She was in a position of imminent peril; she did not have time to weigh the alternatives; and she was in no way negligent in bringing about this situation. The defendant’s testimony was confirmed by an independent, disinterested witness. The defendant was not at fault and should not be liable in damages.
In their first assignment of error, plaintiffs assert that the trial court relaxed the burden on the defendant to prove the presence of a “sudden emergency” which was not caused by the defendant. The plaintiffs also assert that the trial court did not carefully examine any possible negligence of the defendant.
We disagree with the plaintiffs’ view. The trial court clearly did examine the evidence presented by both sides and testimony from an independent, disinterested witness. In its reasons for judgment, the trial court found that plaintiffs failed to prove that defendant was negligent:
The defendant established by evidence that she was forced, suddenly and without warning to veer to the right while traveling in the right lane of traffic on I — 10, which sudden emergency caused her to strike the railing and then to collide into a vehicle driven by plaintiff Catherine Ketchens.
The driver of the green vehicle created a sudden emergency thus forcing the collision as aforestated.
In addition, the trial court found that the defendant was free from fault. The defendant acted as a reasonably, prudent driver before the accident occurred. She *129 did not create a sudden emergency by her own acts. The trial court properly applied the doctrine of “sudden emergency” to the case at bar.
In their other assignments of error, the plaintiffs suggest that defendant became “rattled” when the “green car” pulled into her lane. They also suggest that the defendant was traveling at an excessive rate of speed under the circumstances. Further, plaintiffs suggest that defendant failed to maintain a proper lookout.
The trial court heard testimony from an independent witness who stated that the defendant was driving at 40-to-45 miles per hour, well within the speed limit. Further, the witness testified that she observed the “green car” cut in front of the defendant blocking her path.
Other cases cited by plaintiffs are distinguishable from the case at bar, and we do not choose to review them here.
Hickman supra, stands for the proposition that a defendant is free from fault when he responds to a sudden emergency that is not created by his own negligence. Even if the defendant responds to a sudden emergency in a manner that upon cool reflection suggests there may have been a better method of response, if the emergency was not brought upon by defendant’s own negligence, then the defendant is free from fault. While we regret that plaintiffs were injured by the defendant’s vehicle, legal fault can not be assigned to the defendant because she was faced with a sudden emergency, not a peril created by her own negligence. There is nothing to suggest that the defendant created the peril, or became rattled, or traveled at an excessive speed. Therefore we conclude that the accident was the result of a sudden emergency.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BARRY, J., concurs.