667 So.2d 1229 (1996)
Charan B. MARIGNY
v.
ALLSTATE INSURANCE COMPANY, State of Louisiana Through the Department of Transportation and Development and Ralph B. Boyd, Sr.
No. 95-CA-0952.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1996.
Rehearing Denied February 22, 1996.
*1230 Robert A. Barnett and Jeffery M. Lynch, Guste, Barnett & Shushan, L.L.P., New Orleans, for plaintiff/appellant, Charan B. Marigny.
Lisa A. Montgomery and Janice M. Culotta, Lobman, Carnahan and Batt, Metairie, for defendants/appellees, Trina Cage and Massachusetts Bay Insurance Company.
Before SCHOTT, C.J., and PLOTKIN and MURRAY, JJ.
MURRAY, Judge.
Charan Marigny, who was injured in a four-car accident on Earhart Expressway, appeals the grant of summary judgment and dismissal of her claim against Trina Cage and Massachusetts Bay Insurance Co.
The facts are uncontroverted. At approximately 12:55 p.m. on April 14, 1990, Trina Cage was travelling west in the left lane of Earhart Expressway, which has three lanes at that point. She was directly behind a white vehicle, whose driver was never identified. Travelling directly behind Ms. Cage was Charan Marigny, and Sandra McGhee's vehicle was in the far right lane, slightly behind the other cars. No one was in the center lane, and none of these four cars was exceeding the posted speed limit.
As the vehicles approached a curve in the roadway, a car driven by Ralph Boyd suddenly appeared in the left lane heading in the wrong direction and straight toward the white car, Ms. Cage and Ms. Marigny. The white car, which was the first car in the lane to confront Mr. Boyd's car, pulled into the center lane and drove off. Ms. Cage, who was confronted by Mr. Boyd's car when the white car took evasive action, also attempted to turn into the center lane, but she lost control and her car spun into Ms. McGehee's car in the right lane. Ms. Marigny, who had been directly behind Ms. Cage, was unable to take evasive action and was hit head-on by the Boyd vehicle.
Ms. Cage supported her motion for summary judgment with portions of the deposition of investigating Officer Kenneth Curlee, who testified that Mr. Boyd, who was later found to be intoxicated, did not apply his *1231 breaks at any time prior to hitting Ms. Marigny. Officer Curlee concluded that Ms. Cage, who hit Ms. McGehee but not Ms. Marigny, acted reasonably under the circumstances, and that the sole cause of the accident was Mr. Boyd.[1]
Ms. Marigny contends that the trial court improperly concluded that Mr. Boyd was the sole cause of her injuries, when in fact she would have been able to avoid any collision if Ms. Cage had maintained control of her vehicle. She further argues that the evidence was insufficient to support Ms. Cage's claim that she was faced with a sudden emergency, requiring that this issue be reserved for trial on the merits.
In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183. This standard of review requires the appellate court to look at "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," in making an independent determination that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.Proc.Ann. art. 966(B); Young v. Oberhelman, 607 So.2d 719 (La.App. 4th Cir. 1992). In order to prevail on a motion for summary judgment, the movant must show "that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact." South Central Bell Telephone Co. v. Sewerage and Water Bd., 94-1648 & 94-1649 (La.App. 4th Cir. 3/16/95), 652 So.2d 1090, 1093, writ denied, 95-0949 (La. 5/19/95), 654 So.2d 1090. Taking into account these standards, we find the trial court correctly granted summary judgment in this case.
Ms. Cage and her insurer, Massachusetts Bay Insurance Co., provided an affidavit and portions of deposition testimony in support of the motion.[2] Ms. Marigny submitted no materials in opposition. Both parties agree on the facts as stated above, and the only logical inferences drawn from those facts support Ms. Cage's motion. Therefore, there are no genuine issues of material fact preventing summary judgment. Coleman v. Housing Authority of New Orleans, 94-1326 (La.App. 4th Cir. 3/16/95), 652 So.2d 1051, writ denied, 95-0971 (La. 6/2/95), 654 So.2d 1108.
The trial court appears[3] to have granted summary judgment based upon application of the sudden emergency doctrine. This doctrine is a well established rule in Louisiana law:
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. (Emphasis added.)
Hickman v. Southern Pacific Transport Co., 262 La. 102, 112-13, 262 So.2d 385, 389 (1972). If the driver is shown to have proceeded carefully and prudently, the emergency will not be seen as arising from her own negligence. Stapleton v. Great Lakes Chemical Corp., 627 So.2d 1358 (La.1993). Thus, even if her conduct was a contributing factor in Ms. Marigny's accident, Ms. Cage is exonerated from liability as a matter of law if the facts establish she acted reasonably in response to a sudden emergency, not of her own making.
*1232 Ms. Marigny asserts that since no evidence was presented concerning the time elapsed between Ms. Cage's awareness of the Boyd vehicle and her attempt to change lanes, it is premature to apply the sudden emergency doctrine as a matter of law. She compares the successful evasive action of the white car with Ms. Cage's loss of control and subsequent collision with Ms. McGehee to suggest that a more prudent and reasonable course of action was possible.
While it is true that there was no formal estimate of Ms. Cage's reaction time in the evidence submitted to support this motion, both Ms. Cage's affidavit and Officer Curlee's testimony indicate that as soon as Ms. Cage saw Mr. Boyd's oncoming car, she took evasive action. The only reasonable inference from this evidence, which is uncontested by Ms. Marigny, is that Ms. Cage had only seconds in which to react to a situation of imminent peril. No evidence suggests that Ms. Cage should have been aware of the oncoming vehicle until the car in front of her swerved into the center lane, nor that she had time to consider alternative courses of action.
Additionally, the fact that Ms. Cage lost control of her vehicle in avoiding a head-on collision does not preclude the application of the sudden emergency doctrine, which "exonerates a defendant who selects an evasive action which subsequently proves unsuccessful." Shroyer v. Grush, 555 So.2d 534, 551 (La.App. 4th Cir.1989), writs denied, 559 So.2d 139, 140 (La.1990); see also Ketchens v. Jones, 533 So.2d 127 (La.App. 4th Cir. 1988). In fact, Ms. Cage's action was successful to the extent that she avoided a head-on collision, although she hit Ms. McGehee's vehicle.
Finally, the undisputed facts show that the emergency situation was created entirely by the negligence of Mr. Boyd, not by Ms. Cage. While driving in the proper direction and within the posted speed limit, she was placed in imminent peril when Mr. Boyd's vehicle suddenly appeared, approaching her head-on from the opposite direction. All the evidence indicates that Ms. Cage acted in a reasonable and prudent manner by changing lanes.
The undisputed material facts, and the only reasonable inferences to be drawn from those facts, establish that Ms. Cage and her insurer are entitled to a judgment of dismissal as a matter of law based upon application of the sudden emergency doctrine. The trial court's ruling is affirmed.
AFFIRMED.
NOTES
[1] Ms. Marigny asserts in brief that Officer Curlee also testified at page 57 of his deposition "that the plaintiff had no other choice under the circumstances." However, this portion of testimony was not included in the pages submitted into evidence on the motion; it is also irrelevant to our consideration of Ms. Cage's legal liability in this case.
[2] The record on appeal contains neither a transcript of the hearing on the motion nor a minute entry to show that Ms. Cage's affidavit and Officer Curlee's deposition extracts were properly entered into evidence, rather than merely attached to the motion and memorandum in support. However, since neither party asserts that these materials should not have been considered by the trial court, we assume they were admitted into evidence.
[3] The record does not contain either written or transcribed Reasons for Judgment.