690 So.2d 942 (1997)
Juan JACKSON, et al., Plaintiffs-Appellees,
v.
TOWN OF GRAMBLING, et al., Defendants-Appellants.
Rebet K. JONES, et al., Plaintiffs/Appellees/ Cross-Appellants,
v.
TOWN OF GRAMBLING, et al., Defendants/Appellants/Cross-Appellees.
Nos. 29198-CA, 29199-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
*943 Paul Holmes, Baton Rouge, for Defendants/ Appellants/Cross-Appellees Town of Grambling and Lugene Smith.
Barham, Adkins & Tatum by T.J. Adkins, for Plaintiffs/Appellees/Cross-Appellants Rebet K. Jones, Russell L. Jones and Olga D. Jones.
Russell A. Woodard, Cynthia T. Woodard, for Plaintiffs/Appellees Juan Jackson, Craig Keys and Alvin A. Roger.
Before GASKINS, CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
In these consolidated personal injury and property damage suits arising out of an automobile accident, defendants, the City of Grambling and Officer Lugene Smith, appeal an adverse judgment which allowed plaintiffs/passengers, Juan Jackson, Craig Keys and Alvin Rogers, to recover 100% of their medical expenses and general damages from Grambling and Smith; plaintiff/driver, Rebet Jones, to recover 50% of his medical expenses and general damages from Grambling and Smith; and Jones' parents, plaintiffs/truck owners, Russell and Olga Jones, to recover 100% of their property damage from Grambling and Smith. Grambling and Smith argue the Parents' property damage award should be reduced by Jones' percentage of fault[1]. Jones and his Parents answered the appeal arguing that the trial court's 50% fault assessment to Jones was clearly wrong[2]. For the reasons assigned below, we amend the judgment of the trial court and affirm.

FACTS
On May 9, 1992, Rebet Jones ("Jones") was driving west on La. Hwy. 150 in a 1987 Ford Ranger pickup truck which was owned by his parents, Russell and Olga Jones ("Parents"). Juan Jackson, Craig Keys and Alvin Rogers ("Passengers") were passengers in the truck. After passing the Grambling Police Station and stopping for a traffic light at the intersection of La. Hwy. 150 and La. Hwy. 149, Jones turned north on La. Hwy. 149. At about this time, police cars were dispatched on an emergency fire call and Jones heard police sirens and saw a police vehicle traveling west on La. Hwy. 150.
In response to the emergency call, Lugene Smith ("Smith"), a police officer with the Grambling City Police Department, proceeded west on La. Hwy. 150 with his siren and flashing lights activated, and turned north on La. Hwy. 149 behind the Jones vehicle[3]. Jones, however, failed to pull to the right shoulder of the highway, the proper evasive action in response to an approaching emergency vehicle. Jones instead made a sudden left turn in an attempt to pull into a driveway and, as a result, cut across the path of the police car. Smith's vehicle collided with the rear of the truck, causing the truck to turn over on its side.
The Passengers sued the City of Grambling ("Grambling"), Smith and Jones to recover for their personal injuries. In a separate suit, Jones and his Parents sued Grambling and Smith for personal injuries suffered by Jones and for the Parents' property damage. The cases were consolidated in the trial court. After a bench trial on November 24, 1994, the trial judge signed written reasons for judgment on February 26, 1996, which found Smith and Jones each 50% at fault. The judgment was signed on March 21, 1996, and awarded damages to each of the plaintiffs. The judgment reduced Jones' award by his 50% comparative fault, but failed to reduce any of the amounts Grambling and Smith owed the other plaintiffs by the 50% fault allocated to Jones.
Grambling and Smith appeal arguing that under La.C.C. art. 2324 they are joint tortfeasors with Jones and, as such, are liable to all plaintiffs for only 50% of the damage awards. They seek to have the trial court *944 judgment amended to limit their share of the Parents' property damage award to 50% in accordance with the trial judge's allocation of fault. Jones and his Parents do not dispute defendants' interpretation of art. 2324, but argue that Jones should not have been allocated any fault.

Allocation of Fault
Jones and his Parents argue that the trial court's allocation of fault to Jones is clearly wrong. First, they contend that the trial judge should not have assigned fault to Jones because defendants failed to raise comparative fault as an affirmative defense. Their second argument is that Grambling and Smith failed to prove Jones' comparative fault by a preponderance of the evidence. Finally, Jones and his Parents contend that the doctrine of sudden emergency applies so as to bar any allocation of fault to Jones.
Jones and his Parents argue that it was improper for the trial court to consider Jones' fault when the defendants failed to raise comparative fault as an affirmative defense in their answer to the petition. We pretermit a discussion of whether the defendants' allegation of comparative fault as an affirmative defense in the suit filed by the Passengers was a sufficient allegation against Jones since that suit was consolidated with Jones' suit, because we conclude that the record clearly shows that the pleadings were expanded by the introduction of evidence regarding the issue of Jones' comparative fault and that Jones and his Parents failed to object to such evidence. La.C.C.P. art. 1154.
Jones and his Parents further argue that defendants have not proven Jones' comparative negligence by a preponderance of the evidence. LSA-R.S. 32:125 provides as follows:
A. Upon the immediate approach of an authorized emergency vehicle making use of audible or visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
B. This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.
The trial judge found that Jones failed to yield to an emergency vehicle in accordance with LSA-R.S. 32:125 and was contributorily negligent for the damages he and his Passengers sustained. The judge concluded in his written reasons for judgment that Jones heard the sirens, had seen another police car proceed west on La. Hwy. 150 and should have been aware of Smith's approach. The trier of fact is owed great deference in its allocation of fault and may not be reversed unless clearly wrong. De Los Reyes v. USAA Casualty Insurance Co., 28,491 (La. App.2d Cir. 6/26/96), 677 So.2d 668; Clement v. Frey, 95-1119, 95-1163 (La. 1/16/96), 666 So.2d 607.
Based on our review of the evidence, we find no manifest error in the trial court's assessment of 50% fault to Jones. In addition to the findings of the trial judge, we also note that Jones admitted in his testimony that he was aware of the law regarding the duty of motorists in response to an approaching emergency vehicle and that both Smith and Jones acknowledged the vehicle's siren and flashing lights were activated. We further note that photographs introduced into evidence show a driveway on the right side of the highway which Jones could have turned into or at least eased onto (without actually turning right) and gotten most of the truck off the road without going into the ditch. We also direct the plaintiffs' attention to Jones v. Thomas, 27,140 (La.App.2d Cir. 8/23/95), 660 So.2d 86, and cases cited therein, where this court upheld a finding of 90% comparative fault on the part of an eastbound motorist who turned left at an intersection and collided with an eastbound ambulance.
Finally, Jones and his Parents contend that the trial court should have applied the doctrine of sudden emergency so as to *945 bar any finding of comparative fault on the part of Jones. Under this doctrine, a motorist without sufficient time to weigh all the circumstances and whose actions did not contribute to the emergency cannot be assessed with negligence if a subsequent review of the facts discloses he may have adopted a safer, more prudent course of conduct to avoid an impending accident. Keeth v. State Through the Dept. Of Public Safety and Transp., 618 So.2d 1154 (La.App.2d Cir.1993); Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972).
We conclude that the doctrine of sudden emergency does not apply to this case. The trial court's finding that Jones should have been aware of Smith's approach shows that this was not a sudden emergency event. As the trial court recognized, Jones heard sirens before he turned onto La. Hwy. 149 and he saw another police vehicle continue west on La. Hwy. 150; this was not a sudden emergency.

Reduction of Property Damage Award
Finding that the trial court's allocation of 50% fault to Jones was not manifestly erroneous, we now turn to a discussion of whether, under La.C.C. art. 2324, the Parents' property damage award should be reduced by Jones' percentage of fault. The trial judge, in his reasons for his decision, stated: "The court finds that Rebet Jones is contributorily negligent for the damages sustained by himself and his passengers for his failure to yield the right of way to an emergency vehicle pursuant to LSA-R.S. 32:125." The trial judge correctly acknowledged that under La.C.C. art. 2323 the amount of damages recoverable by Jones should be reduced in proportion to the percentage of negligence attributable to him and the trial court's judgment correctly reduces by 50% the award owed by Grambling and Smith to Jones.
Grambling and Smith argue that the trial judge failed to recognize that, under La.C.C. art. 2324, as joint tortfeasors with Jones, the award owed by Grambling and Smith to the Parents should also be reduced by Jones' percentage of fault. The trial court judgment does not reflect a 50% reduction in the amount of the award owed by Grambling and Smith to the Parents for their property damage.
Article 2324(B) provided in pertinent part[4]:
If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages ... the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
The Louisiana Supreme Court, in discussing the last sentence of art. 2324(B), stated that it "establishes the rule that liability for damages caused by two or more persons is joint liability, rather than solidary liability, unless liability is solidary pursuant (1) to Article 2324A (intentional act) or (2) to Article 2324B (for damages caused by two or more persons, but limited to fifty percent of the recoverable damages), or (3) to a special provision of law." Cavalier v. Cain's Hydrostatic Testing, Inc., 94-1496 (La. 6/30/95), 657 So.2d 975.
In the present case, the second exception listed above applies and Smith and Grambling are solidarily liable with Jones for 50% of the Parents' damages. Smith and Grambling, however, are not liable for 100% of the Parents' damages when 50% of the fault has been allocated to Jones. We, therefore, amend the judgment of the trial court to limit the defendants' liability to 50% of the Parents' recoverable damages.

*946 CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended and, as amended, affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The Passengers accepted a 50% payment of their award from Grambling and Smith and are not parties to this appeal.
[2] Grambling and Smith did not appeal the 50% allocation of fault to Smith.
[3] It is not disputed that Smith was within the course and scope of his employment with the City of Grambling.
[4] Article 2324 was amended by Acts 1996, 1st Ex.Sess., No. 3, which did not become effective until April 16, 1996, and the amendment is, therefore, not applicable in this case.