| JOAN BERNARD ARMSTRONG, Judge.
Defendant/appellant, the City of New Orleans, seeks review of the trial court’s judgment finding that its employee was solely at fault for the automobile accident in which plaintiff alleges she was injured.
The plaintiff, Carolyn Coffey, initiated the present action seeking damages for the injuries she allegedly sustained in an automobile accident on December 6,1994. The plaintiff was the driver of a vehicle that was struck by a New Orleans police vehicle driven by New Orleans Police Officer Rannie Mushatt. First, Officer Mushatt was struck by a motorcycle driven by Darnell Newman, who disregarded a stop sign at the intersection of Benefit and Alvar Streets. Then, the officer, who was in the right lane, swerved into the left lane and struck the plaintiffs vehicle, pushing her vehicle onto the median. Named as defendants were the City of New Orleans, Officer Mushatt’s employer; Officer Mushatt; Newman; Clayton Toups, the owner of the motorcycle driven by Newman; and Independent Fire Insurance Company, the plaintiffs uninsured motorist carrier. The appellate record does not indicate whether service of citation was obtained on Officer Mushatt, Newman or Toups. The City of New Orleans and Independent Fire Insurance Company both answered the suit. The plaintiff dismissed | ^Independent Fire Insurance Company from the action on February 6, 1997. Thereafter, a bench trial was held on the plaintiffs claims against the City of New Orleans on December 6, 1999 [1] The City argued that Officer Mushatt was presented with a sudden emergency and thus, was not responsible for the plaintiffs damages. The trial court held the matter open for additional evidence and rendered a written judgment on March 21, 2001. The trial court concluded that Officer Mushatt was solely at fault in causing the plaintiffs claims and awarded the plaintiff damages in the amount of $29,899.00 against the City of New Orleans.
The trial court noted in its written reasons for judgment:
This matter arose on December 6, 1994, on Alvar Street near its intersection with Benefit Street. Plaintiff, Carolyn Coffey, was traveling on Alvar Street in the left lane when she was stuck (sic) by the vehicle operated by Rannie Mushatt, III, while in his capacity as a New Orleans Police Department officer.
There were two witnesses to the incident, the plaintiff and Rannie Mushatt. Officer George Campbell of the New Orleans Police Department was the investigating officer who took statements from the parties and all witnesses. According to the report taken by Officer Campbell, Officer Mushatt said that a motorcycle disregarded a stop sign and struck the vehicle he was operating and that he swerved to avoid the motorcycle and struck Mrs. Coffey’s vehicle, forcing her into the median. If this were the circumstances, Officer Mushatt’s claim of sudden emergency might be allowed. However at trial, Officer Mushatt stated that he did not make the statement contained in the police report.
Additionally, in his deposition, Officer Mushatt testified that he did not see the motorcycle until after the accident and that he did not see the motorcycle coming. Having testified that he did not see the motorcycle prior to the accident and *730 did not see the motorcycle until after the accident, the officer cannot avail himself of the sudden emergency doctrine.
Officer Mushatt further stated that he did not see Ms. Coffey’s vehicle until the time of impact. Mrs. Coffey’s vehicle was to the left and parallel to the officer’s vehicle. Officer Mushatt testified that there were no obstructions or impediments to his view.
The accident, which occurred on a dry, clear sunny day, was caused by Officer Mushatt’s negligence and failure to exercise due | «diligence, and the officer is solely at fault in this matter. Further, Officer Mushatt’s testimony is contradictory. Mrs. Coffey’s version of the accident has never changed.
The appellant contends that the trial court erred in concluding that Officer Mushatt was solely at fault for the plaintiffs injuries. The appellant argues that the trial court erred in finding that Officer Mushatt was the proximate cause of the plaintiffs injuries, that the sudden emergency doctrine was not applicable, and that Officer Mushatt’s actions were not evasive. The trial court concluded that Officer Mushatt was negligent as he failed to maintain a proper lookout. The trial court specifically noted Officer Mushatt’s testimony at trial and in his deposition that he did not see the motorcycle or the plaintiffs vehicle prior to the accident. The police report indicates that the plaintiff was traveling parallel to Officer Mushatt in the left lane. The plaintiff testified in her deposition that she saw the motorcycle coming from Benefit Street immediately prior to the accident.
In Mistich v. Volkswagen of Germany, Inc., 95-0939, pp. 4-5, (La.1/29/96), 666 So.2d 1073, 1077, the Louisiana Supreme Court stated as follows:
It is a well settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder’s conclusions are based on determinations regarding credibility of the|4witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
In the instant case, the trial court specifically determined that the sudden emergency doctrine was not applicable to the City as a possible defense. Under this doctrine, a driver without sufficient time to weigh all the circumstances and whose actions did not contribute to the emergency cannot be assessed with negli *731 gence even though a subsequent review of the facts discloses he may have adopted a safer, more prudent course of conduct to avoid an impending accident. Jackson v. Town of Grambling, 29,198, 29,199 (La.App. 2 Cir. 2/26/97), 690 So.2d 942. If the driver is shown to have proceeded carefully and prudently, the emergency will not be seen as arising from his or her own negligence. Marigny v. Allstate Ins. Co., 95-0952 (La.App. 4 Cir. 1/31/96), 667 So.2d 1229. In order to use the sudden emergency doctrine, the driver must have seen the accident beginning to occur and taken some type of action.
Officer Mushatt testified in his deposition and at trial that he did not see the motorcycle or the plaintiffs vehicle prior to the accident. As Officer Mushatt did not see the motorcyclist disregard the stop sign, he was not aware of the sudden emergency. Further, a driver has a duty to see what should be seen and to exercise | ¿reasonable care under the circumstances. Arceneaux v. Wallis, 94-2016 (La.App. 4 Cir. 4/26/95), 654 So.2d 1117. Here, the plaintiff stated in her deposition that she saw the motorcycle prior to the accident and that she was driving parallel to the police vehicle immediately prior to the accident. Such evidence was sufficient for the trial court to conclude that Officer Mushatt was not maintaining a proper lookout at the time of the accident. Thus, the trial court correctly determined that the sudden emergency doctrine was not available to Officer Mushatt.
Likewise, Officer Mushatt’s failure to see the motorcyclist prior to accident supports the trial court’s determination that Officer Mushatt’s actions in hitting the plaintiffs vehicle were not evasive. The testimony at trial and in the depositions reveals that Officer Mushatt struck the plaintiffs vehicle after the motorcyclist struck the police vehicle. Officer Mush-att’s actions were not an attempt to avoid an accident with the motorcyclist.
Officer Mushatt also argues that the trial court erred in finding that he was the proximate cause of the plaintiffs injuries. Cause-in-fact is generally a but for inquiry. If the plaintiff probably would not have been injured but for the defendant’s substandard conduct, such conduct is a cause-in-fact. The inquiry is whether the defendant contributed to the plaintiffs harm. To the extent that the defendant’s actions had something to do with the injury the plaintiff sustained, the test of a factual, causal relationship is met. Williams v. Dean, 96-1481, 96-1482, 96-1483 (La.App. 1 Cir. 5/9/97), 694 So.2d 1195. In the present case, the trial court determined that Officer Mushatt was negligent in failing to keep a proper lookout. Had Officer Mushatt kept a proper lookout, he would have seen the plaintiffs vehicle in the left lane. However, the evidence supports a finding that Officer Mushatt did not see the plaintiffs vehicle and swerved into her vehicle. As |fia result of his negligence, the plaintiff suffered bodily injury and damages to her vehicle. The trial court correctly found that Officer Mushatt’s negligence was the proximate cause of the plaintiffs injuries. As such, judgment against the appellant, as Officer Mushatt’s employer, was correct.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The judgment rendered on March 21, 2001, states that the trial took place on September 8, 1999. However, the trial transcript indicates that the trial took place on December 6, 1999.