Do Not Publish

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1498

DENIS MULVIHILL

VERSUS

IRWIN I. MARTIN AND US AGENCIES CASUALTY INSURANCE AGENCY
INC, ET AL

**********
APPEAL FROM THE
SEVENTH DISTRICT COURT
PARISH OF CONCORDIA, NO. 41761
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED AS AMENDED.

Cooks, J. concurs in the result only and assigns written reasons.

Andrus Paul LaBorde, III
5157 Bluebonnet Blvd.
Baton Rouge, LA 70809
Counsel for Defendant-Appellant:
    Louisiana Farm Bureau Casualty Ins. Co. and Katie I. Haley

Philip A. Letard, Sr.
P.O. Box 187
Vidalia, LA 71373
Counsel for Plaintiff-Appellee:
    Dennis Mulvihill

**PAINTER, Judge.**

Defendants, Katie I. Haley, and her insurer, Louisiana Farm Bureau Casualty Insurance Co., appeal the trial court's judgment against her and in favor of Plaintiff, Denis Mulvihill in the amount of $50,000.00 as a result of injuries received in an accident in which Plaintiff was hit by a vehicle driven by Irwin Martin and thrown into the path of Haley's vehicle.

## FACTS

On August 28, 2005, Haley was driving west in heavy traffic on U.S. Highway 84 near Ferriday, Louisiana, evacuating her home in Franklinton, Louisiana due to Hurricane Katrina. Martin was driving east on U.S. Highway 84. Mulvihill, an officer with the Concordia Parish Sheriff's office, was directing traffic at the intersection of U.S. Highway 84 and La. Highway 15. As Martin entered the intersection, he hit Mulvihill knocking him into oncoming traffic, where he was hit by Haley's vehicle. Mulvihill suffered a broken leg and other injuries.

As a result of the accident and the injuries incurred, Mulivhill filed this suit. Mulvihill settled his claim against Martin and his insurer. The remaining claim against Haley was tried by the court. At the close of Plaintiff's case, the trial court denied Defendants' motion for involuntary dismissal. After the trial was completed, the court found Haley at fault for the accident and rendered judgment against her in the amount of $50,000.00. Haley and her insurer appeal.

**DISCUSSION**

*Negligence/Sudden Emergency*

Plaintiff asserts that the trial court erred in failing to apply the sudden emergency doctrine.

> Under this doctrine, a driver without sufficient time to weigh all the circumstances and whose actions did not contribute to the emergency cannot be assessed with negligence even though a subsequent review of the facts discloses he may have adopted a safer, more prudent course of conduct to avoid an impending accident. *Jackson v. Town of Grambling*, 29,198, 29,199 (La.App. 2 Cir. 2/26/97), 690 So.2d 942. If the driver is shown to have proceeded carefully and prudently, the emergency will not be seen as arising from his or her own negligence. *Marigny v. Allstate Ins. Co.*, 95-0952 (La.App. 4 Cir. 1/31/96), 667 So.2d 1229. In order to use the sudden emergency doctrine, the driver must have seen the accident beginning to occur and taken some type of action.

*Coffey v. Mushatt*, 03-0232, p. 4 (La.App. 4 Cir. 10/1/03), 859 So.2d 727, 730-31.

We find the doctrine inapplicable here. As the trial court found, her negligence in failing to react appropriately to the emergency situation she did observe, ie, the flashing patrol car lights, bumper to bumper traffic, and the officer directing traffic in the middle of the intersection, contributed to the injuries sustained by Officer Mulvihill. Under the evidence as presented at trial, her action in steering to the right, rather than simply stopping as soon as possible, appears to have been the cause of Officer Mulvihill falling under her vehicle.

*Negligence*

Appellant also asserts that the trial judge erred in finding her negligent. The trial court made the following statement with regard to Appellant's negligence:

> However, this Court does agree in principle with Plaintiff's assertion that under Louisiana law, a driver is at fault when he/she fails to slow down sufficiently when he/she sees

2

flashing lights from emergency vehicles, and thereby breaches his/her duty to an injured plaintiff, and that this breach of duty became a factor in the injuries sustained to plaintiff therein. This court specifically finds that Defendant HALEY's failure to observe Plaintiff and undertake precautions to avoid hitting him, after having seen the flashing lights from emergency vehicles at the scene of the accident, was a direct and proximate causation of Plaintiff's injuries.

Given the testimony at trial, we cannot say that the trial court's finding in this regard is manifestly erroneous.

*Plaintiff's Negligence*

Haley argues that Plaintiff should have been found comparatively at fault for the accident. Defendants had the burden of proving the comparative fault of Plaintiff. A review of the evidence convinces us that Defendants did not carry this burden. The testimony was that the accident occurred at about 8:00 p.m. Plaintiff was wearing dark clothing and carrying a flashlight equipped with an orange cone for signaling traffic. He was standing in the middle of an intersection and several police cars were parked on the shoulder of the road, with lights flashing. Appellant admits that she could see him signaling traffic. Plaintiff was not wearing reflective clothing. However, there was no testimony establishing that Plaintiff was not appropriately dressed or equipped for directing traffic, or establishing the appropriate conduct and attire for that activity.

"Comparative fault is an affirmative defense and the party asserting it bears the burden of proving, by a preponderance of the evidence, that the negligence of the plaintiff was a cause-in-fact of the injury." *Corkern v. Smith*, 06-1569 (La.App. 3 Cir. 6/6/07), 960 So.2d 1152, 1156, *writ denied*, 07-1803 (La. 1/25/08), 973 So.2d 754

(citing *Trahan v. Savage Indus., Inc.*, 96-1239 (La.App. 3 Cir. 3/5/97), 692 So.2d 490.) Defendants have not met their burden of proof.

*Apportionment of fault*

Appellant further argues that the trial court erred in failing to apportion fault to Martin.

> In resolving this issue, we must give great deference to the allocation of fault as determined by the trier of fact. *Cole v. State ex rel. Dept. of Transp. & Dev.*, 99-912 (La.App. 3 Cir. 12/22/99), 755 So.2d 315, writ denied, 00-199 (La.4/7/00) 759 So.2d 766. We are compelled to utilize the standards set forth in *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967, 974 (La.1985):
>
> > (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.

*Johnson v. State ex rel. DOTD*, 06-898 (La.App. 3 Cir. 12/13/06), 946 So.2d 682, 691, *writ denied*, 07-0510 (La. 4/27/07), 955 So.2d 693.

The parties stipulated that: "Irwin Martin did not see Denis Mulvihill and struck him with the front and left side of the 1987 Buick Century." Martin's testimony confirmed this, and he offered no defense against a finding of negligence on his part. The trial court found that: "the most severe and majority of Plaintiff's injuries were, in fact, caused by the second impact with the HALEY vehicle." In light of the evidence adduced at trial, we find that the trial court erred in failing to apportion some percentage of fault to Martin.

4

The Louisiana Supreme Court in, *Clement v. Frey*, 95-1119 (La. 1/16/96), 666 So.2d 607, 611, explained the way an appellate court should approach apportionment of fault where it finds that a trial court has abused its discretion in this regard.

> Regarding the allocation of fault in this circumstance, we adopt the standard set forth in *Coco v. Winston Industries, Inc.*, 341 So.2d at 335. Just like in the quantum area, there is for sure a large amount of uncertainty in the allocation of fault. Our *Coco* decision pointed out that "the ultimate determination by an appellate court as to whether a given judge or jury abused their 'much discretion' as a matter of law is a judgment call." 341 So.2d at 335.

> The Court in Coco held that "[o]nly after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court." 341 So.2d at 335. "It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence." Id.

> . . . .

> . . . [W]e feel that by analogy the trier of fact is owed some deference in allocating fault, for the finding of percentages of fault pursuant to the comparative fault article, LA.CIV.CODE art. 2323, (FN6) is also a factual determination. *Hill v. Lamulle*, 506 So.2d 690, 694 (La.App. 5th Cir.1987) (citing *Varnado v. Continental Insurance Co.*, 446 So.2d 1343 (La.App. 1st Cir.1984); *Motton v. Travelers Insurance Co.*, 484 So.2d 816 (La.App. 1st Cir.1986)). That there is in the Louisiana Civil Code regarding fault allocation no counterpart to the 1870 Civil Code article 1934's "great discretion" for the assessment of damages is no doubt explained, at least in part, by the fact that fault allocation was not made necessary in Louisiana until August 1, 1980, when by Act No. 431 of 1979 our legislature adopted a pure comparative fault system. "This allocation of shares of negligence, however, is not an easy task for the factfinder, and the Louisiana statute does not describe with particularity how it should be accomplished." *Watson v. State Farm Fire and Casualty Insurance Co.*, 469 So.2d 967, 971 (La.1985).

> In any event, there is an analogy between excessive or inadequate quantum determinations and excessive or inadequate fault percentage determinations. In both, the trier of fact, unlike the appellate court has

5

had the benefit of witnessing the entire trial and of reviewing first hand all the evidence.

Accordingly, we will apply the standard enunciated above in reallocating fault. After the court of appeal finds a "clearly wrong" apportionment of fault, it should adjust the award, but only to the extent of lowering or raising it to the highest or lowest point respectively which is reasonably within the trial court's discretion.

Accordingly, since we find that the trial court erred in apportioning no fault to Martin where he was clearly at fault, we can raise the percentage of fault attributable to him only to the lowest point reasonably within the trial court's discretion.

We note that Martin's negligence began the chain of events which resulted in the injury to Plaintiff, and that but for being thrown into the oncoming lane of traffic by Martin's vehicle, no injury would have occurred. Therefore, we find that the lowest percentage of fault which could reasonably have been attributed to Martin is fifty percent.

*Quantum of Damage*

Although the quantum of damages has not been appealed, in light of our decision herein, we find it necessary to clarify our findings with regard to the trial court's award of damages. The parties to this matter agreed that Officer Mulvihill incurred medical expenses of over $48,000.00. The trial court awarded damages against Haley in the amount of $50,000.00. Given that Mulvihill had medical expenses of over $48,000.00 and in consideration of the evidence of record, we find that his damages far exceeded the award of $50,000.00. The trial court in its written reasons for judgment noted that it awarded "the sum of $50,000.00 to Plaintiff as general damages which are the direct result of the negligence and fault of Defendant, HALEY. . . ." In spite of the error with regard to the apportionment of fault, we find

6

no error in the trial court's determination that the amount of damages attributable to Haley's fault is $50,000.00, and we affirm that determination.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is amended to assess fault for the accident fifty percent to Martin and fifty percent to Haley. The amount of damages attributable to Haley is $50,000.00. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed half to Haley and half to Plaintiff.

AFFIRMED AS AMENDED.

DENIS MULVIHILL

VERSUS

IRWIN I. MARTIN AND US AGENCIES CASUALTY INSURANCE AGENCY, INC, ET AL

**COOKS, J. CONCURS.**

I concur with the result reached by the majority. I agree Martin bears some degree of fault, however, I do not believe Martin should be assessed with 50 % fault. Martin is at best, 10% at fault.

In our review of a trial court's apportionment of fault we must apply the manifest error rule. *Arceneaux v. Domingue*, 365 So.2d 1330 (LA. 1978) and *Guillory v. Insurance Company of North America*, 95-1500 (La. App. 3 Cir. 4/3/96), 671 So.2d 1112. Martin admits he was negligent and the facts establish he has some comparative fault. The trial court was manifestly erroneous in failing to apportion some degree of fault to Martin. However, considering the Supreme Court's decision in *Campbell v. Department of Transp. & Dev.*, 94-1052 (La. 1995), 648 So.2d 898, and several of this court's decisions post *Campbell*, I believe we are bound by *Campbell* and must apportion a larger percentage of fault to the driver whom the trial court found caused most of the injuries to plaintiff. The record supports the trial court's finding of fact that plaintiff's injuries were the result of being struck by Haley's automobile. The manifest error rule prevents us from a "*de novo*" re-evaluation of the evidence concerning this factual determination. Analyzing the fault

1

of the parties in causing the harm to this plaintiff, as we are directed to do by *Campbell,* "[e]xcept to the extent that the [first] driver's negligence set the accident in motion, [that] driver had no control over the resulting harm..." to plaintiff caused in this case by the second driver. Although the Supreme Court assessed Ledford (in *Campbell*) 25% fault, I believe the facts of this case establish a more appropriate apportionment of fault to Martin is 10%. In *Caruthers v. Department of Transportation And Development,* 97-1450 (La. App. 3 Cir. 4/15/98), 711 So.2d 420 we noted:

> Under our theory of negligence, the crucial consideration is whether the conduct in question is a cause-in-fact of the resulting harm or injuries. (Citing *Campbell*) *It is irrelevant whether the conduct was the primary cause of the accident.* Liability may be imposed upon a party, such as DOTD, provided its conduct contributed to causing the injuries sustained by the victim plaintiff. If the party's conduct indeed contributed to the plaintiff's harm, **fault will be apportioned to that party according to the extent of the causal relation between the conduct and the damages claimed.** (Emphasis added.)

Likewise in *Brown v. Louisiana Indemnity Company*, 96-1393 (La. App. 3 Cir. 4/23/97), 693 So.2d 270, we relied on *Campbell* to apportion fault 25% to the driver who fell asleep at the wheel and 75% to DOTD for its negligent maintenance of the highway and failure to warn motorists of the substandard highway. Given the trial court's factual determination that plaintiff's injuries were the result of being struck by Haley's car, I believe the maximum percentage of fault which can be assessed against Martin reflective of the "extent of the causal relation between" Martin's conduct and the injuries to plaintiff, weighed against the "extent of the causal relation between" Haley's conduct and plaintiff's injuries, is no more than 10% fault to Martin.

The trial judge made no finding as to any amount of damages which may have been the result of Martin's negligence (the first accident) because such a finding was

2

rendered moot by his decision that Martin was not at fault. Additionally, the judge was aware that Martin and his insurer had settled with plaintiff prior to trial and the only remaining defendant was Haley and her insurer. The trial court determined the amount of damages Haley (the second accident) was responsible for and our reapportionment of fault does not affect that determination. The $50,000.00 recommended by the trial judge was clearly fixed at that amount because Haley's policy coverage did not exceed this amount. I would not assess any costs of this appeal to plaintiff.