Judge Tiffany G. Chase
This is a tort action arising out of an incident which occurred while plaintiffs were passengers on a bus operated by the New Orleans Regional Transit Authority (hereinafter "RTA"). The trial court found plaintiffs failed to meet their burden of proof in establishing that defendants were negligent and liable for their injuries. After consideration of the record before this Court, and the applicable law, we affirm the judgment of the trial court.
Facts and Procedural History
Plaintiffs Christopher Causey, Sr., Lynette Muse, Christopher Causey, Jr. and Priscilla Hopkins[1] were passengers on a RTA bus traveling on Williams Boulevard in Jefferson Parish. The bus was being driven by RTA employee, Quelton Broussard (hereinafter "Mr. Broussard"). While *189 proceeding on the route, Mr. Broussard suddenly applied his brakes. Plaintiffs filed a petition for damages alleging the bus driver suddenly and unnecessarily applied brakes, causing plaintiffs to be injured. Mr. Causey maintained he injured his back and leg when Ms. Hopkins fell on his right leg causing him to hit his leg against the support pole on the bus. Ms. Hopkins alleged she injured her back, spine, and additional body parts and suffered from headaches as a result of being ejected from her seat. Ms. Muse asserted she injured her wrist, neck, face, and back and suffered from headaches as a result of being ejected from her seat and hitting another seat. Lastly, plaintiffs alleged Mr. Causey and Ms. Muse's minor son, Christopher Causey, Jr., injured his head and chest as a result of striking his head against the seat. RTA maintained that the sudden brake was a result of Mr. Broussard's attempt to avoid a collision with another vehicle crossing in front of the bus thus, creating a sudden emergency situation. As such, RTA denied negligence on its part.
Prior to trial, plaintiffs filed a motion in limine for an adverse presumption arguing RTA failed to properly preserve video footage from the bus which would have depicted the incident at issue. The trial court granted the motion finding that RTA was negligent in the handling of the video footage, thus determining that an adverse presumption was warranted. RTA sought supervisory review of the ruling with this Court, which was denied.[2]
A bench trial was held on July 13, 2017. By amended judgment dated July 18, 2018, the trial court found that plaintiffs failed to establish, by a preponderance of the evidence, that RTA was negligent and liable for plaintiffs' injuries.[3] This appeal followed.
Discussion
This Court reviews factual findings of the trial court under a manifest error standard of review. In order to reverse the findings of the trial court, we must determine that the finding was clearly wrong and not based on a reasonable factual basis. Rabalais v. Nash , 2006-0999, p. 4 (La. 3/9/07), 952 So.2d 653,657.
Plaintiffs assert that the trial court's ruling was in error based on the evidence offered coupled with the grant of their motion in limine for an adverse presumption. At the onset, we note that although an adverse presumption regarding the video footage of the bus has been applied, that presumption does not end the causation inquiry. See Jones v. Trailor , 1993-2144 (La.App. 4 Cir. 4/28/94), 636 So.2d 1112, 1118. The plaintiff is nonetheless tasked with proving negligence on the part of the defendant by a preponderance of the evidence. Id. The trial court determined that the plaintiffs' failed to meet their burden of proof. We find no error in the trial court's decision.
The central issue before this Court is whether plaintiffs have proven, by a preponderance of the evidence, that the bus driver's conduct was negligent and the cause of their injuries. In order to prove negligence a duty/risk analysis is employed.
*190 Marshall v. Jazz Casino Co. , 2015-1192, p. 6 (La.App. 4 Cir. 6/29/16), 197 So.3d 316, 320. "Under this analysis, a plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached." LeJeune v. Union Pacific R.R. , 97-1843, p. 6 (La. 4/14/98), 712 So.2d 491, 494. All elements must be affirmatively answered in order for a plaintiff to recover. Id. The crux of plaintiffs' argument rests with whether Mr. Broussard's conduct was the cause in fact of their injuries. As such, we focus on the causation element of the duty/risk analysis.
Neither party disagrees that Mr. Broussard suddenly applied the brakes while operating the bus. However, the cause of the sudden braking is disputed. Plaintiffs' contend that Mr. Broussard attempted to deviate from the route to retrieve a passenger he inadvertently passed up. He then suddenly hit the brakes in an attempt to make a U-turn. Mr. Causey testified that he was sitting in the lateral seats on the bus, looking to his right and had a view of the front window in front of the driver's seat. Although he did not specifically see what caused Mr. Broussard to suddenly brake, Mr. Causey testified that the sudden brake had to be the result of Mr. Broussard making a U-turn to retrieve a passenger he passed up at a bus stop. Ms. Muse testified that she was seated between her son and Mr. Causey in the lateral seats but, witnessed Mr. Broussard make the U-turn after the incident. She provided that she was unaware as to why Mr. Broussard hit his brakes. Ms. Hopkins testified that she was sitting in the last row of the bus facing the front. She observed a vehicle directly in front of the bus traveling in the same lane. Ms. Hopkins testified that the vehicle was always in front of the bus and never ventured from the left to cross in front of the bus as RTA maintains.
Conversely, RTA maintains that Mr. Broussard's sudden brake was a result of his attempt to avoid colliding with another vehicle crossing in front of the bus thus, the sudden emergency doctrine is applicable. The sudden emergency doctrine provides that "a driver without sufficient time to weigh all the circumstances and whose actions did not contribute to the emergency cannot be assessed with negligence...." Coffey v. Mushatt , 2003-0232, p. 4 (La.App. 4 Cir. 10/1/03), 859 So.2d 727, 730. The sudden emergency doctrine is applicable as long as the driver saw a potential accident about to occur and took appropriate action. Id. at 731. Mr. Broussard testified that the sudden brake was a result of a vehicle in the left lane attempting to cross in front of the bus to enter a parking lot located to the right of the bus. Plaintiffs dispute that another vehicle was the cause of the incident.
Plaintiffs also note that, on the day of the incident, Mr. Broussard never asked if anyone was injured, nor did he stop the bus to check on the passengers. However, Mr. Broussard testified that no one ever expressed to him that they were injured. He further testified that, prior to retirement, he was a bus driver for RTA for twenty-five years and is well versed on accident/incident protocol. Mr. Broussard noted that in any sudden brake situation it was protocol for him to inquire if any passengers were injured and then report the incident. He provided that after the sudden brake he asked if anyone was injured and no one responded. He explained that he notified the dispatcher that there was a hard braking incident and completed a report upon conclusion of his shift.
Applying a manifest error standard of review, it is not the role of this Court to *191 reverse the factual findings of a trial court unless it is determined that a reasonable basis does not exist for the trial court's factual determinations and that the trial court's findings were clearly wrong. Waters v. Oliver , 2016-1262, p. 6 (La.App. 4 Cir. 6/22/17), 223 So.3d 37, 43. The trial court weighed the evidence presented and ultimately determined that plaintiffs failed to establish, by a preponderance of the evidence, that Mr. Broussard's actions were negligent. Based on the record before this Court, we do not find that the trial court's finding was not based on a reasonable factual basis. Mr. Broussard consistently testified that the cause of the sudden brake was his attempt to avoid colliding with another vehicle. Additionally, he maintained that after the sudden brake he did not receive a response from any of the passengers after inquiring whether anyone was injured. Although Mr. Causey testified that the cause of the sudden brake was Mr. Broussard's attempt to deviate from the route and make a U-turn, his conclusion is based on observations made after the sudden brake incident occurred. Additionally, Ms. Muse testified that she was unaware as to why Mr. Broussard suddenly applied the brakes. Neither party witnessed what led to the sudden brake. Although Ms. Hopkins testified that she did observe a vehicle traveling in front of the bus that never crossed lanes, she also testified that she was not constantly looking toward the front of the bus. She admitted that she was at times looking around and down at her phone.
The exact cause behind the sudden brake was not definitively established as there was conflicting testimony. Where there is conflicting testimony, the trial court's reasonable evaluations of credibility and inferences of fact should not be disturbed upon review. Rosell v. ESCO , 549 So.2d 840, 844 (La. 1989). When two permissible views of the evidence exist, the fact finder's choice cannot be clearly wrong or manifestly erroneous. Menard v. Lafayette Ins. Co. , 2009-1869, p. 15 (La. 3/16/10), 31 So.3d 996, 1007. The trial court weighed the evidence presented and determined that Mr. Broussard's testimony was credible. "When findings are based on determinations regarding the credibility of a witness, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings." Waters , 2016-1262, p. 6, 223 So.3d at 44 (quoting Holden v. Zurich Am. Ins. Co. , 44,242, pp. 4-5 (La.App. 2 Cir. 5/13/09), 13 So.3d 221, 224 ). The record before this Court demonstrates that the trial court's findings are reasonably supported. Plaintiffs' conflicting testimony failed to establish that Mr. Broussard's conduct, in suddenly braking, was negligent. We therefore cannot find that the trial court was manifestly erroneous in determining that plaintiffs did not meet their evidentiary burden.
Conclusion
For the foregoing reasons we find the trial court was not manifestly erroneous in its ruling. The trial court is afforded great deference regarding factual determinations. The trial court weighed the evidence presented and determined that plaintiffs failed to establish that Mr. Broussard's conduct of suddenly braking was negligent. As such, we cannot conclude that the trial court's finding was not based on a reasonable factual basis. Therefore, we affirm the judgment of the trial court.
AFFIRMED
LOBRANO, J., CONCURS IN THE RESULT.

For ease of discussion we will refer to the parties by their last name when referencing them individually and as "plaintiffs" when referencing them in the collective.

Christopher Causey, Sr., et al v. New Orleans Regional Transit Authority, et al , 2017-C-0276.

Plaintiffs initially appealed the trial court's July 18, 2017 judgment. However, this Court dismissed the appeal without prejudice and remanded the matter for further proceedings because the judgment failed to contain the necessary decretal language. Christopher Causey, Sr., et al v. New Orleans Regional Transit Authority, et al , 2017-CA-0922 (not designated for publication).