I-i JAMES F. McKAY III, Judge.
The defendants, Stephen Moore and his insurer, USAA Casualty Insurance Company, appeal from a jury’s verdict which found Stephen Moore forty percent (40%) at fault in causing the plaintiffs, Cathy Forest, injuries. We affirm.
FACTS AND PROCEDURAL HISTORY
Garry Moore and his girlfriend, Carrie Tabb, were en route home from Florida on the evening of May 18, 2000, when his vehicle began to experience problems near Slidell. Garry Moore exited the Interstate at the next exit and pulled into a gas station. After stopping the car, Garry Moore was unable to restart the engine. He then telephoned his older brother, Stephen Moore, between 9:00 p.m. and 9:30 p.m. for assistance.
When Stephen Moore arrived at the gas station, Garry Moore explained to his brother that the car’s battery had died. Stephen Moore suggested that they jump-start the vehicle. After jump-starting the vehicle, they then re-entered the interstate and later exited again at Chef Menteur Highway, where the car again would not start on its own and was jump-started for a second time. They then re-entered the interstate. As Garry Moore’ vehicle neared the high rise, it again had problems. Ultimately, the car stalled out and died near the crest of the high rise. [ ^Traffic was steady that night and there was no shoulder where the car died. Stephen Moore pulled up directly behind Garry Moore. Garry Moore exited his vehicle and then proceeded to walk down the high rise to alert traffic of the stopped vehicles; Stephen Moore also exited his vehicle and began using his cell phone, standing on the ledge just behind the stopped cars.
A cab driven by Jean Hiller and in which Cathy Forest was a passenger entered the interstate from the Downman Road entrance. The cab rear-ended Stephen Moore’s vehicle which was pushed into Garry Moore’s vehicle. As a result of the collision, Cathy Forest’s head hit the windshield and she suffered several facial lacerations.
On May 8, 2001, Cathy Forest filed suit against Jean Hiller, his insurer, North American Fire & Casualty Insurance Company, Stephen Moore, his insurer, USAA Casualty Insurance Company, Garry *849 Moore, and his insurer, Shelter Insurance Company. The matter was tried before a jury on April 21-24, 2003. The jury made the following findings: Stephen Moore was negligent; Stephen Moore’s negligence was a cause in fact of Cathy Forest’s injuries; Jean Hiller was negligent; Jean Hil-ler’s negligence was a cause in fact of Cathy Forest’s injuries; Garry Moore was negligent; Garry Moore’s negligence was a cause in fact of Cathy Forest’s injuries; Stephen Moore was 40% at fault; Jean Hiller was 42% at fault; Garry Moore was 18% at fault; Cathy Forest sustained $10,000 in past medical expenses; Cathy Forest sustained $100,000 in past and future physical pain and suffering; and Cathy Forest sustained $150,000 in past and future mental anguish including disfigurement. It is from this judgment that Stephen Moore and USAA Casualty Insurance Company appeal.
^DISCUSSION
The appellants raise the following assignments of error: 1) the trial judge erred when she refused to charge the jury on the law pertaining to a rescuer; 2) the trial judge erred when, by refusing to charge the jury on the rescuer doctrine, she in effect directed a verdict on that issue and removed from the jury the determination of whether Stephen Moore was a rescuer; and 3) the jury’s factual finding of the fault on the part of Stephen Moore is manifestly erroneous.
The appellants requested a jury instruction that a rescuer is favored in the eyes of the law and is not chargeable with negligence because he failed to make the wisest choice to accomplish the purpose. In determining whether a jury charge is proper, the law is clear that the instruction must be a correct statement of the law and the instruction must be predicated upon the introduction of some evidence put forth in the case on that issue. Ferrell v. Fireman’s Fund Ins. Co., 635 So.2d 1152 (La.App. 4 Cir.1994), rev’d in part on other grounds 650 So.2d 742 (La.1995), citing Jackson v. West Jefferson General Hospital, 245 So.2d 724 (La.App. 4 Cir.1971). Jury instructions are adequate when they fairly and reasonably point up the issues and provide the correct principles of law for the jury to apply to those issues. Walker v. Bankston, 571 So.2d 690 (La.App. 2 Cir.1990). A rescuer is defined as “someone who makes some effort or takes some action to protect the personal safety of another who was or appeared to be in imminent peril.” Ferrell at 1155.
In the instant case, Stephen Moore initially met up with his brother at a gas station (a reasonably safe location) where they jump-started Garry Moore’s car for the first time. They then put the vehicle on the interstate (not as safe a locale as a gas station). After traveling some distance on the interstate, they exited and stopped Garry Moore’s vehicle and tried unsuccessfully to restart it. They then 14proceeded to jump-start the vehicle again and re-enter the interstate, where the vehicle stalled near the crest of the high rise. Garry Moore was not in a position of imminent peril when his brother found him. It was only later when the vehicle stalled on the high rise that Garry Moore found himself in a position of imminent peril. Just as the First Circuit observed in Bangs v. GEICO, 387 So.2d 1323 (La.App. 1 Cir.1980), “this is not a case where a person has acted upon a sudden impulse in coming to the aid of a person in immediate danger and application of the rescuer or Good Samaritan doctrine is not warranted.” As such we find no error in the trial judge’s refusing to charge the jury on the law pertaining to a rescuer. Furthermore, we find the appellants’ charge that the trial judge in effect directed a verdict on this issue to be without merit.
*850 The appellants contend that the jury’s factual finding of fault on the part of Stephen Moore was manifestly erroneous. An appellate court shall not set aside the findings of fact of a jury in the absence of manifest error or unless the findings of fact are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The scope of appellate review of findings of fact is extremely limited considering the wide latitude given to jury findings and the limited scope of appellate review. Stobart v. State, 617 So.2d 880 (La.1993).
La. R.S. 32:141 imposes a two-fold duty on the drivers of vehicles stopped on a highway: to remove the vehicle as soon as possible and to protect traffic until the vehicle is removed. Whether a party has discharged his obligation to protect traffic is a question of fact depending on the circumstances. See Poland v. Glenn, 623 So.2d 227 (La.App. 2 Cir.1993). In the instant case, Stephen Moore stood behind his stopped vehicle and called for help on his cell phone but took no |smeasures to alert oncoming traffic of the obstacle on the highway. Stephen Moore also played an instrumental role in creating the hazard in the first place.
In comparing the relative fault of the parties, several factors are considered, including: (1) -whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste without proper thought. Watson v. State Farm, 469 So.2d 967 (La.1985). Once the jury has made a determination as to the apportionment of fault, any allocation of fault within an acceptable range cannot be considered clearly wrong. Riley v. Reliance Ins. Co., 97-0445 (La.App. 4 Cir. 11/19/97), 703 So.2d 158. In the instant case, the jury apportioned 40% of the fault for the accident to Stephen Moore. Based on the facts of this case, we cannot find that this allocation was clearly wrong.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the court below.
AFFIRMED.