ROLAND L. BELSOME, Judge.
|,Appellants/defendants, Tabor Melan-con, All Year Round Towing and Western Heritage Insurance Company (collectively Appellants), appeal the trial court’s granting of partial summary judgment on the *312 issue of liability in favor of appellee/plain-tiff, Cynthia Williams.
This Court reviews the granting of summary judgment de novo using the same criteria considered by the trial court. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. If no genuine issue of material fact is presented through the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, then the mover is entitled to judgment as a matter of law. La. C.C. P. art. 966.
This litigation arises from a series of automobile accidents occurring near the Louisa Street exit on westbound Interstate 10 in New Orleans on the night of February 4, 2004. Joseph Johnson’s deposition testimony claims that his vehicle was struck by a phantom vehicle causing his vehicle to bounce off of the rail running along the driver side of the interstate sending his vehicle into the far right | Jane. Mr. Johnson testified that once his vehicle came to a complete stop he initiated his emergency blinkers. At that time he witnessed two vehicles pass. Then he saw Ms. Williams’ vehicle approach in the right lane, come to a stop and attempt to move to the middle lane to travel around his vehicle.
Mr. Melancon was driving a tow truck westbound over the high rise of Interstate 10 when he noticed Ms. Williams’ vehicle stopped in the right lane. He stated that he attempted to stop but was unable to do so and slid sidewise jack-knifed and struck Ms. Williams’ vehicle sending it into the middle lane of traffic. A number of other vehicles collided with the tow truck following the initial contact with Ms. Williams’ vehicle.
The partial summary judgment granted by the trial court focused solely on the accident between Ms. Williams’ and Mr. Melancon’s vehicle. The trial court determined that there were no genuine issues of material fact as to Mr. Melancon’s fault and therefore granted the summary judgment on the issue of liability.
By all accounts of the deposition testimony Mr. Johnson acted prudently in initiating his emergency lights and as Ms. Williams approached Mr. Johnson’s vehicle she maintained control of her vehicle and was attempting to drive around the wreckage. Mr. Melancon stated he saw the vehicles but was unable to maintain control of his vehicle and stop. The appellants attempt to deflect fault from Mr. Melancon by asserting the sudden emergency doctrine and fault of the phantom driver and Mr. Johnson. However, they fail to establish a genuine issue of material fact regarding the necessary factors to overcome Mr. Melancon’s presumption of fault.
|sLSA-R.S. 32:81 governs a vehicle when it is following another vehicle and in pertinent part provides:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
The rebuttable presumption regarding rear-end collisions is that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by this statute and is therefore liable for the accident. “That rule is based on the premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances.” Brandon v. Tros-clair, 2000-2374 (La.App. 4 Cir. 10/17/01), *313 800 So.2d 49, 60. A following motorist may, however, rebut the presumption of negligence by proving the following things: (1) that he had his vehicle under control; (2) that he closely observed the preceding vehicle; and (3) that he followed at a safe distance under the circumstances. Id.
The record is void of any evidence to establish the elements essential to rebut the presumption of Mr. Melaneon’s fault. During his deposition testimony he does not even contend that he was driving at a safe speed and distance given the rainy conditions. Contrarily, he acknowledged that larger commercial vehicles need to maintain a greater distance from lead vehicles but could not remember what that distance was. He further stated that he was unable to stop because of the rain. We find that Mr. Melancon was negligent in his failure to maintain control of |4his vehicle and operate it safely in the adverse weather conditions which resulted in the collision with Ms. Williams’ vehicle.
The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard, which he could not reasonably avoid. This rule is grounded in the sudden emergency doctrine. Daigle v. Mumphrey, 1996-1891, (La.App. 4 Cir. 3/12/97), 691 So.2d 260, 262. Under this doctrine, a driver without sufficient time to weigh all the circumstances and whose actions did not contribute to the emergency cannot be assessed with negligence even though a subsequent review of the facts discloses he may have adopted a safer, more prudent course of conduct to avoid an impending-accident. Jackson v. Town of Grambling, 29,198, 29,199 (La.App. 2 Cir. 2/26/97), 690 So.2d 942. If the driver is shown to have proceeded carefully and prudently, the emergency will not be seen as arising from his or her own negligence. Marigny v. Allstate Ins. Co., 95-0952 (La.App. 4 Cir. 1/31/96), 667 So.2d 1229. However, this Court has consistently held that the doctrine does not apply to a defendant that is negligent in his own actions. State Farm v. LeRouge, 07-0918, p. 18 (La.App. 4 Cir. 11/12/08), 995 So.2d 1262, 1275 and Du-combs v. Nobel Ins. Co., 03-1704, p. 6 (La.App. 4 Cir. 7/21/04), 884 So.2d 596, 600, citing Clement v. Griffin, 91-1664, 92-1001, 93-0591, 93-0592, 93-0593, 93-0594, 93-0595, 93-0596, 93-0597, 93-P0648 (La.App. 4 Cir. 3/3/94), 634 So.2d 412, 439.
Accordingly, we affirm the trial court’s granting of the partial motion for summary judgment.
AFFIRMED.