16 So.3d 442 (2009)
Rene T. LAIZER
v.
Logan J. KOSAREK, Kancy Zheng, Progressive Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 2009-CA-0277.
Court of Appeal of Louisiana, Fourth Circuit.
June 24, 2009.
*443 Philip C. Ciaccio, Jr., Philip C. Ciaccio, Jr., Attorney at Law, Gretna, LA, for Plaintiff/Appellant.
James R. Carter, Porteous, Hainkel & Johnson, L.L.P., New Orleans, LA, for Defendants/Appellees, Logan J. Kosarek and State Farm Mutual Automobile Insurance Company.
(Court composed of Judge JAMES F. McKAY, III, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
EDWIN A. LOMBARD, Judge.
The plaintiff, Rene T. Laizer, appeals from summary judgment rendered in favor of defendants Logan J. Kosarek and State Farm Mutual Automobile Insurance Company. After de novo review, we affirm the judgment of the trial court.

Relevant Facts and Procedural History
On October 4, 2006, the plaintiff was driving westbound in the middle lane of the Pontchartrain Expressway. Upon changing lanes into the right hand lane, he rear-ended a vehicle owned by Mr. Kosarek which, in turn, rear-ended a vehicle owned by Kancy Zheng. The plaintiff told the police officer at the accident scene that "he was changing lanes into the right lane and didn't notice the stopped vehicles . . . until it was way too late." He received a traffic ticket as a result of the accident.
On September 25, 2007, however, the plaintiff filed suit against Mr. Kozarek and his insurer, State Farm, as well as Mr. Zheng and his insurer, alleging that he sustained personal injuries and damages due to the negligence of Mr. Zheng and Mr. Kozarek. The plaintiff subsequently dismissed his suit against Mr. Zheng and his insurer and on September 24, 2008, Mr. Kozarek and his insurer (hereinafter "the defendant") moved for summary judgment, arguing that they were entitled to judgment as a matter of law because the plaintiff was presumptively at fault for failing to adhere to pertinent state statutes related to changing lanes and following another vehicle in traffic. In response, the plaintiff argued that the presumption is not applicable in this case because the defendant failed to take the appropriate precautionary measures pursuant to La. Rev.Stat. 32:141. The trial court granted the defendant's motion for summary judgment.

Summary Judgment and Standard of Review
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966 B. When the movant will not bear the burden of proof at trial, his burden on motion for summary judgment is merely to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim; he is not required to negate all essential elements of the adverse party's claim, action, or defense. Thereafter, the burden is on the adverse party to produce *444 factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La.Code Civ. Proc. art. 966 C(2). If he fails to do so, there is no genuine issue of material fact and summary judgment is appropriate. Id.
Motions for summary judgment are reviewed on appeal de novo using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Samaha v. Rau, XXXX-XXXX, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883.

Defendant's Motion for Summary Judgment
In this vehicular accident case, the plaintiff bears the burden of proving that (1) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (2) the defendant had a duty to conform his conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of the plaintiff's injuries; and (5) actual damages. Rathey v. Priority EMS, Inc., XXXX-XXXX, p. 29 (La.App. 4 Cir. 1/12/05), 894 So.2d 438, 459.
The defendant contends that he is entitled to summary judgment because he his conduct was not the cause-in-fact of the plaintiff's injuries and he breached no duty. Rather, at the time of the accident, the defendant asserts that he acted prudently in maintaining a proper lookout, stopping in a timely manner to avoid hitting Mr. Zheng's disabled vehicle, and immediately putting on his hazard lights to warn oncoming traffic of the situation. Moreover, the defendant points out that the plaintiff struck him from behind in violation of La.Rev.Stat. 32:81 and La.Rev. Stat. 32:79(1). In support of his motion for summary judgment, the defendant submits the police report, the plaintiff's deposition, and his own affidavit.
The police report indicates that (1) the accident occurred on a curved elevated portion of the roadway; (2) the defendant (Kozarek) was seated in the front seat of his car at the time of the accident; (3) the defendant received only minor injuries; (4) the rear section of the defendant's car was moderately to severely damaged; (5) and the plaintiff stated to the police officer that he was changing lanes into the right lane and did not notice the stopped vehicle until it was too late. The defendant did not receive a traffic citation for the accident; the plaintiff was the only driver to receive a traffic citation.
The defendant also submits a portion of the plaintiff's deposition transcript wherein the plaintiff testified that (1) on the night of the accident, he was driving in the middle lane and merged into the right lane in preparation for exiting at St. Charles Avenue; (2) although the traffic was "heavy," the plaintiff entered the right lane at fifty-five miles per hour; (3) the plaintiff was ten to fifteen yards from the defendant's vehicle when he saw the flashing hazard lights of the vehicle and attempted to brake; (4) the plaintiff was unable to stop in time and rear-ended the defendant's vehicle; (5) the plaintiff never talked to either Mr. Kozarek or Mr. Zheng but saw them "standing up against the concrete guard rail with their arms folded" at the time of the accident; (6) immediately after hitting the defendant's car, the plaintiff went to the rear of his own vehicle and lay down on the roadway until being taken to the hospital; (7) the plaintiff did not talk to the police officer at the scene of the accident, only talking to him when the police officer visited him at the hospital; and (8) although the police report does not record his exact words, the police report as *445 it pertained to his statement was "essentially" correct.
In his affidavit, the defendant states that he was in his vehicle at the time of the accident, had slowed to a stop and put on his hazard lights because a disabled vehicle was blocking his lane of traffic, and that he had been stopped for only five to ten seconds when his vehicle was struck from behind by the plaintiff.

Plaintiff's Opposition to Summary Judgment
In opposition to summary judgment, the plaintiff contends that the defendant's conduct was unreasonable pursuant to La. Rev.Stat. 32:141 and his negligence caused the accident. In support, the plaintiff submits his own affidavit and portions of his deposition transcript. By affidavit, the plaintiff declares that the defendant was standing outside his car at the time of the accident and "that no time prior to the accident did Logan Kozarek take any action to remove his vehicle from the expressway or warn on coming [sic] vehicles of the emergency created by his vehicle being stopped on the traveled portion of the expressway." The plaintiff submits portions of his deposition testimony wherein he declares that (1) "they were standing up against the concrete guardrail" and had "the guy with the flat tire driven another seventy-five yards" he would have been in an area "essentially about as safe as being on the shoulder of a road;" (2) he "never had any contact with those two individuals" and did not know who was driving each car; (3) "the only thing they had on was their hazards;" (4) he had no knowledge of how long the defendant's vehicle had been there prior to the accident; and (5) his attorney had "handled the ticket" and, although he did not know, he believed it had been paid.

Applicable Law
La.Rev.Stat. 32:81 provides in pertinent part that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." There is a rebuttable presumption that "a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA-R.S. 32:81(A) and is therefore liable for the accident, Daigle v. Mumphrey, 96-1891, pp. 3-4 (La.App. 4 Cir. 3/12/97), 691 So.2d 260, 262.
Likewise, La.Rev.Stat. 32:79(1) provides in pertinent part that a driver shall not move from his lane of travel until he has "first ascertained that such movement can be made with safety." Accordingly, "when a motorist has changed lanes just prior to an accident, that motorist bears the burden of proving that he determined that the movement could be made safely prior to attempting the move." Daigle, 96-1891, p. 5, 691 So.2d at 263.
La.Rev.Stat. 32:141, relief upon by the plaintiff, provides as follows:
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle *446 which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.
Accordingly, there is a two-fold duty imposed by La.Rev.Stat. 32:141 on drivers of vehicles stopped on a highway: (1) "to remove the vehicle as soon as possible and (2) to protect traffic until the vehicle is removed." Forest v. Hiller, XXXX-XXXX, p. 4 (La.App. 4 Cir. 6/23/04), 879 So.2d 846, 850.

Discussion
Thus, the defendant met his burden on summary judgment of pointing out an absence of factual support essential to the plaintiff's claim, namely that his conduct was a legal cause of the accident. Accordingly, the burden is on the plaintiff to come forward with evidence that there is a genuine issue of material fact as to whether the defendant was negligent and whether the defendant's negligence caused, in whole or in part, the accident at issue.
In his effort to meet this burden, the plaintiff asserts that the defendant was not in the car at the time of the accident and therefore was in violation of the precautionary measures prescribed by La. Rev. Stat. 32:141. The plaintiff reasons that if the defendant had time to get out of his car, he had time to move his car out of the travel lane to a spot seventy-five yards beyond the accident site. We note, however, that this statement contrary to the defendant's initial statement to the police, as well as the police report. In fact, the only evidence to support the plaintiff's version of events is the plaintiff's self-serving statements in his own affidavit and deposition testimony. The reliability of the plaintiff's identification based is questionable since it was based on a necessarily brief glimpse at night moments before impact. The plaintiff's questionable credibility is particularly apparent in light of his assertion that he never had any contact with either driver. However, even accepting arguendo the plaintiff's version of events, the material issue is not whether the defendant was inside or outside of his vehicle but rather if, under the specific circumstances of this case, the defendant took reasonable actions to warn approaching traffic of the danger when he was confronted with a disabled vehicle in his lane of traffic. The defendant asserts that he immediately turned on his hazard lights and the impact occurred within ten seconds of his stopping the vehicle. The plaintiff concedes that the defendant's hazard lights were flashing and that he has no knowledge of how long the defendant's vehicle had been stopped on the roadway. The defendant in this case clearly had no control over the location of the disabled vehicle and there was no shoulder on that portion of the elevated expressway to allow him to bypass the disabled vehicle. Under these circumstances, the defendant made a reasonable effort to warn oncoming traffic and there is no merit in the plaintiff's contention that the defendant's conduct was deficient under La.Rev.Stat. 32:41.
Further, the plaintiff's reliance on Forest and State Farm Mutual Automobile Ins. Co. v. South Central Bell Telephone Co., 359 So.2d 1318 (La.App. 4 Cir.1978) is misplaced. In Forest, the defendant stopped his stalled vehicle on the high rise *447 of an interstate, stood behind his vehicle to call for help on his cell phone, and took no measures to alert oncoming traffic of the obstacle in the roadway. The facts in Forest are clearly distinguishable from this case where the defendant did not choose to stop on the roadway. Rather, being unable to circumvent the disabled vehicle in his travel lane, he was forced to do so and immediately turned on his hazard lights to warn oncoming traffic. In State Farm, the defendant's employee stopped a work truck with an attached flatbed trailer on a highway to unload warning cones. Although the defendant's employee turned the trailer flashers, the plaintiff swerved off the road to avoid striking the defendant's truck before the warning cones were placed on the road. Id. at 1320. Because the driver could have stopped the flatbed on the roadway shoulder or posted another employee to flag approaching traffic until the warning cones were in place, the Court found the flashing of taillights inadequate. Id. at 1321. As with Forest, these circumstances are clearly distinguishable from the case at hand wherein the defendant, confronted with an emergency situation, had no choice in the decision to stop on the roadway.
Accordingly, the plaintiff failed to submit proof that the defendant's conduct was the legal cause of his injuries and, accordingly, failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Therefore, we find no genuine issue of material fact exists and that the defendant is entitled to judgment as a matter of law.

Conclusion
The judgment of the trial court is affirmed.
AFFIRMED.
BELSOME, J., concurs with reasons.
BELSOME, J., concurs with reasons.
As the majority acknowledges, there is a rebuttable presumption pursuant to La. R.S. 32:81 that a following motorist involved in a rear-end collision is liable for the accident. "A following motorist may, however, rebut the presumption of negligence by proving the following things: (1) that he had his vehicle under control; (2) that he closely observed the preceding vehicle; and (3) that he followed at a safe distance under the circumstances." Williams v. Melancon, XXXX-XXXX, p. 2 (La.App. 4 Cir. 4/1/09), 9 So.3d 310, 312 (citing Brandon v. Trosclair, 2000-2374, p. 19 (La.App. 4 Cir. 10/17/01), 800 So.2d 49, 60). In this particular case, the record is void of evidence that would rebut the presumption of fault against Appellant. I respectfully concur.