SUSAN M. CHEHARDY, Judge.
| ¿This ⅛ an automobile accident case in which the plaintiffs uninsured/underin-sured motorist insurance carrier appeals the judgment against it. We affirm. FACTS
On December 11, 2009, Larry Twiner filed suit against Christina Dinvaut, Barry Dinvaut, and their insurer, Government Employees Insurance Corporation (also known as GEICO), as well as against Laura F. Soileau, Sheryl Soileau, Ted Soileau, and their insurer, Liberty Mutual Insurance Company (“Liberty Mutual”), and his own uninsured/underinsured motorist insurer, Progressive Security Insurance Company (“Progressive”).[1]
Twiner alleged that on December 12, 2008 he was driving his vehicle on Interstate 10 near Williams Boulevard in Ken-ner, Louisiana, when his vehicle was rear-ended by a vehicle operated by Laura Soileau, a minor. Soileau’s vehicle then was rear-ended by a vehicle driven by Christina Dinvaut, causing Soileau’s vehicle to strike the plaintiffs vehicle a second time. He alleged that as a result of these impacts, he sustained personal injuries and property damage, including pain and suffering, medical expenses, lost wages, and damage to his vehicle.
| ¡¡Twiner alleged further that Sheryl Soi-leau and Ted Soileau are Laura Soileau’s parents, are liable on her behalf as parents of a minor, and are owners of the vehicle Laura Soileau was driving. He alleged that Barry Dinvaut is liable as owner of the vehicle Christina Dinvaut was driving.
Prior to trial the Dinvaut defendants reached a settlement with the plaintiff for their policy limits of $10,000.00. The court entered an order that dismissed the plaintiffs claims against the Dinvaut defen *1109 dants, reserving his rights against all other defendants.
The matter proceeded to a bench trial on May 23, 2011. The only witnesses were the plaintiff, Larry Twiner, and defendant Laura Soileau.
Twiner testified as follows: The accident occurred right at dusk on the eastbound side of 1-10 near Williams Boulevard in Kenner, Jefferson Parish. The traffic was heavy; all three lanes were “pretty well packed.” The car in front of him made a sudden stop, hit her brakes, so he hit his brakes, and got hit from behind a couple of times. The vehicle immediately behind him that hit his vehicle was operated by Laura Soileau, who was around 17 years old. The vehicle behind Soileau was operated by Christina Dinvaut.
Twiner said he was at a complete stop when his vehicle was struck. He did not see Soileau’s vehicle before it hit his, but after the first impact he turned to his right to see what happened, and when he was about halfway around, he got hit again. He had his foot on the brake when the first impact occurred, but had the car in neutral and his foot off the brake when the second impact occurred. Twiner said he had about 10 feet between his car and the vehicle in front of him. Following the first impact, his vehicle was pushed ahead but did not contact the vehicle in front of him; the second impact, however, pushed his car underneath the vehicle in front.
LTwiner testified that after the accident he began having spasms across his shoulders and back. He had a pre-existing back condition from injuries sustained in an air-boat accident. In 2006 he underwent surgery in which two rods were inserted in his back on each side of his spine, from C-4 down to T-7. He had been discharged from treatment for that surgery in October 2006, and eventually had recovered enough to do everything he did before, except to pick up heavy weights.
By the time of the accident in this case, he was feeling fine. Since the accident, however, he has been having spasms, pains going from his shoulders up his neck. After the accident he was taken to the East Jefferson General Hospital Emergency Room, where he was treated and discharged the same night. He continued to feel pain, however, and went back to treatment by Dr. Henry Eiserloh, the surgeon who had performed his 2006 back surgery.
Twiner testified he does not like to take prescription pain medication because it makes him incoherent and he doesn’t feel in control of his body. He takes nonprescription Advil instead. Dr. Eiserloh told him not to take too much Advil, however, because it could “mess up” his stomach. Dr. Eiserloh told him the exacerbation of his pain was due to his prior surgery.[2]
Twiner testified that before this accident he used to do a lot of hunting and fishing. He has had to quit fishing, however, because of the pain. He can still hunt but not for long. He has pain every day; massage helps to relax the shoulder muscles, but other than that he takes only Advil. He also suffers the pain when under stress, and reported he was feeling pain while testifying at the trial.
Twiner acknowledged that he had settled his claims against the Dinvaut defendants for $10,000.00. Since this accident in December 2008, he has had no further accidents or intervening trauma.
| aAt the conclusion of Twiner’s direct examination, his attorney informed the court that the plaintiff was stipulating that his damages are under $50,000.00.
*1110 On cross examination, Twiner admitted he had not sustained any loss of earnings because at the time of this accident he was retired. He reiterated that he felt a total of three impacts during the collision: the first one pushed his car halfway toward the car in front of him; the second one pushed his car into the vehicle in front of him; the third impact he felt when his car went under the rear of the vehicle in front of him.
He acknowledged that due to the prior back surgery, the area around his surgical scar — which extends up and down his spine from his neck to approximately his mid-back — is numb. He admitted he had only three treatments over a period of 21 ½ months for injuries related to this accident.
The other witness to testify was defendant Laura Soileau. She testified her car was hit from behind in stop-and-go traffic, and her car hit the plaintiffs car in front of her. She denied hitting Twiner’s car prior to hers being struck by the Dinvaut vehicle. At the time she was coming to a complete stop. She said her car hit Twiner’s car just once. When she got out to look, she saw that Twiner’s car was pushed into the vehicle in front of him. She reiterated that she did not hit his vehicle until after her vehicle was hit by the Dinvaut vehicle. She recalled Twiner’s saying that his back was hurting.
At the conclusion of the plaintiffs case, the Soileau defendants moved for a directed verdict, on the ground that the evidence presented showed that the Soileau vehicle was stopped, rear-ended, and pushed into the plaintiffs vehicle, and there was no evidence to indicate any negligence by Laura Soileau. The court stated from the bench that a directed verdict would be granted.
| sAs to the merits of the case, the court ruled in favor of the plaintiff, with the following oral reasons for judgment:
Unfortunately, Mr. Twiner had a prior back problem that is pretty serious, and it makes it hard to evaluate ... this case that he has, because of that problem.
Now, his back has been fused, but on the other hand the defendant has to take the plaintiff as he finds him, and in this case he was in a weakened condition to begin with, and the accident, being struck in the rear, pushed into another car, is a fairly significant impact.
In a sense it’s like a soft tissue injury, but it’s not, because we’re only dealing with pain and not something that can go away any time real soon.
I find for the plaintiff, Mr. Twiner, in the amount of Forty Thousand Dollars, plus medical expenses, and costs, and interest from date of demand.
The written judgments were signed on June 15, 2011. In one judgment, the court granted the motion for directed verdict and dismissed Laura F. Soileau, Ted A. Soileau, Sheryl Soileau, and Liberty Mutual Insurance Company from the suit with prejudice. In that judgment the court stated there was no evidence presented regarding the alleged negligence of the Soileau defendants.
In a separate judgment signed on the same date, the court found that Christina Dinvaut was solely and exclusively at fault in the accident. The court found that Christina Dinvaut had only a $10,000/$20, 000 automobile liability policy with GEI-CO, and had no other insurance that would provide coverage in this matter. Accordingly, the court rendered judgment in favor of the plaintiff and against Progressive as his uninsured/underinsured motorist insurer in the amount of $40,000.00 for general damages, plus medical expenses in the amount of $5,815.50, for a total of $45,815.50, plus legal interest from date of judicial |7demand and all court costs incurred by the plaintiff, subject to a credit *1111 for the $10,000.00 payment made to the plaintiff by the Dinvaut defendants. ARGUMENT
On appeal Progressive contends the trial court erred in the following respects.
1. The trial court erred in granting the motion for directed verdict.
In its first assignment of error, Progressive argues that the trial court erred in granting the directed verdict because that conclusion was not based on a preponderance of the evidence.
Progressive asserts that the trial judge, as factfinder, found on the one hand that Twiner was not a credible witness, but then granted Twiner’s damages claims based solely on his testimony and not on the great weight of the evidence. In essence the court found the plaintiff was credible in his testimony regarding his injuries, but not in his testimony regarding the causation of the accident. Progressive contends that dichotomy requires this Court to overturn either the directed verdict or the damages award in this case.
Progressive asserts that Twiner was a more credible witness than Soileau regarding the facts of the accident, because Twiner has consistently alleged at all phases of this litigation that he felt two impacts, one from Soileau and another from Dinvaut. Twiner was able to recall minute details of the accident and its two impacts, and testified accordingly at trial. He recalled having his foot on the brake for the first impact, thus preventing him from initially striking the car in front of him. Twiner then quickly put the car in neutral and turned his head around to see what had happened. It was then that he was impacted a second time and pushed into the car in front of him.
IsTwiner was clear at all times that he felt two impacts to the rear of his vehicle and one to the front of his vehicle, equaling three total impacts to his vehicle. Progressive asserts that Twiner’s testimony was controverted only by the self-serving testimony of Soileau, who simply said she did not strike Twiner’s vehicle twice. As the rear-ending motorist, Soileau was required to provide evidence to overcome the presumption that she breached the standard of conduct prescribed in La. R.S. 32:81. Progressive contends her testimony was not sufficient evidence to overcome a presumption in the face of the evidence provided by the plaintiff.
Progressive contends the trial court’s ruling that rejected Twiner’s testimony of two impacts from the rear was clearly wrong, manifestly erroneous, and was not reasonable based on the great weight of evidence against Soileau. Progressive asserts the court should have ruled that Soi-leau was partly at fault in the accident, which would have been reasonable given the evidence presented. Thus, Progressive argues, the damages suffered by Twiner should be apportioned evenly between the two defendants.
In opposition to Assignment No. 1, the plaintiff acknowledges it is clear that the trial court accepted Laura Soileau’s version of the accident, which was a reasonable determination. The plaintiff contends the record is devoid of evidence that would allow this Court to find that the trial court’s granting of the Soileau defendants’ motion for directed verdict was manifestly erroneous.
2. The trial court erred in granting the damages award.
In the second assignment, Progressive argues the trial court erred in granting the plaintiff general damages in the amount of $40,000.00.
| progressive asserts the issues are whether a witness can be partially credible, and whether a witness who is discredited in his testimony on liability can then *1112 be found credible in his testimony regarding his damages in the same case. If this Court finds that the factfinder did not err in granting the directed verdict in favor of the Soileau defendants, because Soileau was the more credible witness than Twiner, then this Court should also find that the damages award was excessive and was not based on the great weight of the evidence.
Progressive argues that the evidence as a whole shows that more probably than not Twiner recovered from his injuries within two months of the accident. In a span of two and one-half years, Twiner visited the doctor four times. Progressive asserts the $40,000.00 general damages award thus amounts to $10,000.00 per doctor visit, is excessive, and is not based on the great weight of the evidence.
Progressive contends the factfinder did not rule based on a preponderance of the evidence, as is required in these types of cases, and therefore the damages award is manifestly erroneous and clearly wrong.
In opposition to Assignment No. 2, the plaintiff asserts there is no merit to Progressive’s argument that the court erred in awarding the damages when the court did not find Twiner credible in connection with the issue of liability. The plaintiff states he never testified he was absolutely sure that he was first rear-ended by the Soileau vehicle, who was then rear-ended by the Dinvaut vehicle, pushing the Soileau vehicle into Mr. Twiner’s vehicle a second time. He simply testified that he felt two impacts. Progressive failed to call any witnesses; therefore, the plaintiff argues, the court made a credibility determination according to the testimony.
The plaintiff contends the trial court did not find him to be not credible; rather the trial court found that the Soileau vehicle was free from fault. The court |1f)could have reasoned that the Dinvaut vehicle struck the Soileau vehicle twice, causing two impacts.
With respect to the medical treatment and injuries, the plaintiff asserts the trial court correctly stated that the defendants had to take the plaintiff as they found him. He had major back surgery two years before the accident, and his condition was exacerbated by the accident now before us. Prior to this accident, he had no problems, but with this accident he began experiencing pain and other problems. He was still suffering pain 21 months post-accident, and was still suffering with pain through the date of the trial, approximately 29 months post-accident. The defendants offered no evidence or testimony to lead the trial court to make any other determination. The plaintiff argues the general and special damages awards are clearly reasonable and should not be disturbed.
LAW AND ANALYSIS
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Through Dept. of Transp. & Dev., 617 So.2d 880, 882 (La.1993). Credibility is a factual determination that cannot be set aside without a finding of manifest error.
In Stobart, the supreme court applied a two-part test for reversal of a fact finder’s determinations. First, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court. Second, the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart, 617 So.2d at 882, citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court *1113 should not disturb | nthis factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
La. R.S. 32:81(A) provides, “The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
The rebuttable presumption regarding rear-end collisions is that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by this statute and is therefore liable for the accident. ‘That rule is based on the premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances.’ A following motorist may, however, rebut the presumption of negligence by proving the following things: (1) that he had his vehicle under control; (2) that he closely observed the preceding vehicle; and (3) that he followed at a safe distance under the circumstances. [Citations, omitted.]
Williams v. Melancon, 2008-1155, p. 3 (La.App. 4 Cir. 4/1/09), 9 So.3d 310, 312-313, - writ denied, 2009-0985 (La.6/19/09), 10 So.3d 742.
As pointed out by the plaintiff, neither the Soileau defendants nor Progressive presented any evidence at trial. The testimony of Laura Soileau, presented by the plaintiff as part of his case in chief, was minimal, elicited on examination by plaintiffs counsel. She simply stated that her car struck the | ^.plaintiffs car only once, and that the impact occurred when her car was struck from behind by the Dinvaut vehicle. There was no evidence as to the distance between Soileau’s vehicle and the plaintiffs car. The trial judge obviously chose to believe Soileau. That is a credibility determination, and we do not find the trial court to be clearly wrong.
“Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). “Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id.
Similarly, the factfinder has the leeway to choose what to believe in a single witness’s testimony. A factfinder may believe one part of the testimony without believing a different part.
Considering the principles above, we find no manifest error in the trial court’s ruling on liability.
With regard to the damages awarded, our supreme court has held,
‘To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has *1114 abused the ‘much discretion’ accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.’
Coco v. Winston Indus., Inc., 341 So.2d 332, 334 (La.1976), quoting from Miller v. Thomas, 258 La. 285, 246 So.2d 16, 19 (1971).
As the trial court pointed out, the tortfeasor must take the victim as he finds him. The plaintiff in this case had a history of a prior back injury followed by major back surgery. It is not unbelievable that after a rear-end automobile |iacollision, even where there was only one impact rather than several impacts, ■ the victim’s previously-injured back could have been affected enough to cause continuing back pain thereafter. Further, the amount awarded is not outside the range of reasonableness.
Accordingly, we find no abuse of discretion in the damages awarded.
DECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Progressive Security Insurance Company.

AFFIRMED

. Hereafter we refer to the Dinvauts and GEI-CO collectively as "the Dinvaut defendants” and to the Soileaus and Liberty Mutual collectively as "the Soileau defendants.”

. There were no hearsay objections to the plaintiff’s reporting Dr. Eiserloh’s statements. Dr. Eiserloh's reports and medical record were introduced into evidence.