NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-323

CLARENCE SOLOMON

VERSUS

KENDELL BLASCO, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20200534
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.

AFFIRMED.

**Jo Ann Nixon**
**Glenda M. August & Associates**
**129 W. Pershing Street**
**New Iberia, LA   70560**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Clarence Solomon**

**Joslyn R. Alex**
**The Alex Law Firm, LLC**
**227 Rees Street**
**Breaux Bridge, LA   70517**
**(337) 332-1180**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Clarence Solomon**

**Michael P. Corry, Sr.**
**Christie Noel**
**Briney, Foret & Corry**
**413 Travis Street, Suite 200**
**Lafayette, LA   70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Bradley Duhon**
     **Progressive Gulf Insurance Company**

**Byron A. Richie**
**Patrick W. Woolbert**
**Richie, Richie & Oberle, LLP**
**Post Office Box 44065**
**Shreveport, LA   71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Imperial Fire & Casualty Insurance Company**

**PERRET, Judge.**

In this personal injury case, plaintiff, Clarence Solomon, appeals the judgment of the trial court granting summary judgment in favor of the defendants, Bradley Duhon and Progressive Gulf Insurance Company (collectively, "Defendants"). For the following reasons, we affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY:**

This case arises out of a suit for personal injuries allegedly sustained by Mr. Solomon in a three-vehicle accident on March 6, 2019, while driving on East University Avenue near its intersection with Pinhook Road in Lafayette, Louisiana. On January 28, 2020, Mr. Solomon filed a petition for damages against defendants Kendall Blasco,[1] Bradley Duhon, Progressive Paloverde Insurance Company (as liability insurer for Ms. Blasco), Progressive Gulf Insurance Company (as liability insurer for Mr. Duhon), and Imperial Fire & Casualty Insurance Company (as uninsured/underinsured insurer for Mr. Solomon).[2] According to the petition, Ms. Blasco's vehicle was traveling eastbound in the outside lane on the 1000 block of East University when she abruptly changed lanes in an effort to avoid striking Mr. Duhon's vehicle, which was stopped in the roadway, with flashers engaged. As a result, Mr. Solomon alleged that Ms. Blasco's vehicle struck his vehicle, which caused him to sustain personal injuries.

On June 11, 2021, Defendants filed a motion for summary judgment, asserting that "the acts, failures and omissions of Kendall Blasco were the sole cause of the

---

[1] On June 1, 2021, Mr. Solomon dismissed, with prejudice, his claims against Ms. Blasco and her insurer, Progressive Paloverde Insurance Company.

[2] On November 22, 2021, the trial court granted Imperial Fire & Casualty Insurance Company's motion for summary judgment, which dismissed Mr. Solomon's claims against it with prejudice.

subject accident" and that Mr. Solomon "cannot produce any positive evidence to show that Bradley Duhon contributed to and/or caused the accident." In support of their motion, Defendants attached, as exhibits, Mr. Solomon's January 28, 2020 petition for damages and his April 22, 2021 deposition.

On June 25, 2021, Mr. Solomon supplemented and amended his original petition for damages to allege that his vehicle was struck by Ms. Blasco's vehicle because Mr. Duhon "obstruct[e]d the roadway with his vehicle." Specifically, Mr. Solomon added the following pertinent paragraphs to his petition:

11.

Based on the statement of Bradley Duhon in the accident report[.] Mr. Duhon was operating a 2006 trailblazer. It is the assertion of the [sic] Mr. Clarence Solomon that due to the defendant driver Bradly Duhon stopping and parking his vehicle in the middle of the roadway, this action subsequently became the root cause of this accident. In Mr. Bradley Duhon's statement on the crash report, he asserts; he was standing on the sidewalk when the crash occurred. Therefore, the Plaintiff's assertion is[] that Bradley Duhon had [the] opportunity and the ability to move his vehicle out of harm's way onto the sidewalk. The crash site and physical address of the accident is listed as the 1000 Block of East University. This area clearly affords enough shoulder to park a vehicle. Mr. Duhon was afforded enough room to park completely off the roadway onto the grass area and or sidewalk to avoid any obstruction of the roadway.

12.

Ariel photographs demonstrate the shoulder and sidewalk allows for easy entry of any vehicle, by moving his vehicle completely off the roadway it would have avoided an accident. [If] Bradly Duhon would have used due diligence and moved his vehicle completely off the roadway onto the side walk [sic]; he could have avoided any vehicles from striking his vehicle or any other vehicle traveling in his direction.

13.

[Plaintiff] asserts [it] was the responsibility of defendant driver Bradley Duhon to move his vehicle from the roadway to clearly avoid any incidents.

14.

> [Plaintiff] avers, Bradley Duhon did not act in due diligence to clear the roadway, of an obstruction, therefore his actions ultimately resulted in the crash that struck and injured Clarence Solomon.

On October 8, 2021, Defendants filed a motion for leave of court to file a supplemental memorandum in support of their motion for summary judgment based on new evidence, specifically, the deposition testimony and exhibits accompanying the deposition of Mr. Duhon. However, on October 21, 2021, the trial court denied Defendants' motion for leave of court to file a supplemental memorandum in support of their motion for summary judgment, indicating that it was "[n]ot in accordance with La. C.C.P. art. 966."

Despite the denial of Defendants' motion for leave of court to file a supplemental memorandum, Mr. Solomon filed a response to Defendants' supplemental motion for summary judgment on October 29, 2021. On November 2, 2021, Defendants filed a motion to strike Mr. Duhon's response to the supplemental memorandum in support of their motion for summary judgment; however, on that same date, the trial court denied Defendants' motion for summary judgment, thereby rendering the motion to strike moot.

On November 23, 2021, Defendants filed a second motion for summary judgment wherein they argued that "[Ms.] Blasco is exclusively at fault for causing the subject accident" and that Mr. Solomon "cannot provide any evidence whatsoever to demonstrate fault on behalf of [Mr. Duhon.]" In support of their second motion for summary judgment, Defendants attached the following three exhibits: (1) the January 28, 2020 petition; (2) the April 22, 2021 deposition transcript of Mr. Solomon; and (3) the August 18, 2021 deposition transcript of Mr.

Duhon, with exhibits, which included the body camera footage from the investigating officer at the accident scene.

Following a hearing on March 2, 2022, the trial court granted Defendants' second motion for summary judgment upon finding "that there was no negligence on the part of [Mr. Duhon] with respect to the subject accident." On March 16, 2022, the trial court signed a judgment in accordance with its ruling, which dismissed Mr. Solomon's claims against Defendants, with prejudice. Mr. Solomon now appeals, arguing "the trial [c]ourt err[ed] in granting a motion for summary judgment under the present circumstances."

**STANDARD OF REVIEW:**

An appellate court reviews a trial court's granting of a motion for summary judgment de novo. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.*

A motion for summary judgment shall be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4).

Louisiana Code of Civil Procedure Article 966(D)(1) discusses the mover's burden of proof on summary judgments, and states:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

**DISCUSSION:**

On appeal, Mr. Solomon asserts Mr. Duhon violated the duty imposed by La.R.S. 32:141 and that there are material issues of fact that warrant a trial on the merits. Additionally, Mr. Solomon asserts that summary judgment was premature due to a lack of discovery. In response, Defendants contend that Mr. Solomon did not file any opposition and/or response to their second motion for summary judgment and that "Solomon could not produce any positive evidence to show that Duhon contributed to and/or caused the accident."

Louisiana tort law is governed by La.Civ.Code art. 2315, which provides,"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The standard negligence analysis Louisiana courts employ in determining whether to impose liability under La.Civ.Code art. 2315 is the duty/risk analysis. *See Rando v. Anco Insulations Inc.*, 08-1169 (La. 5/22/09), 16 So.3d 1065. For liability to attach under a duty-risk analysis, Mr. Solomon must prove all five of the following elements: (1) Mr. Duhon had a duty to conform his conduct to a specific standard of care (the duty element); (2) Mr. Duhon failed to conform his conduct to the appropriate standard (or breached the requisite duty) (the breach element); (3) Mr. Duhon's substandard conduct was a cause-in-fact of the harm or Mr. Solomon's injuries (the cause-in-fact element); (4)

5

the risk of harm was within the scope of protection afforded by the duty breached (the scope of the duty, scope of protection or legal cause element); and (5) actual damages (damages element). *Id.* As stated by the supreme court in *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 8 (La. 3/10/06), 923 So.2d 627, 633 (internal citations omitted):

> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

Louisiana Revised Statutes 32:141, entitled, "Stopping, standing, or parking outside business or residence districts," provides as follows (emphasis added):

> A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
>
> B. **The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.**
>
> C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence. If the vehicle is not removed from the highway within twenty-four hours, the provisions of R.S. 32:473.1(B) shall apply.
>
> D. In the event of a motor vehicle accident, if the driver is not prevented by injury and the vehicle is not disabled by the accident, or the accident has not resulted in serious injury or death of any person, the driver shall remove the vehicle from the travel lane of the highway

6

to the nearest safe shoulder. Compliance with the provisions of this Subsection shall in no way be interpreted as a violation of requirements to remain at the scene of an accident as provided for in the Highway Regulatory Act or by R.S. 32:414.

Accordingly, La.R.S. 32:141(B) "imposes a two-fold duty on the drivers of vehicles stopped on a highway: to remove the vehicle as soon as possible and to protect traffic until the vehicle is removed." *Forest v. Hiller*, 03-1999, p. 4 (La.App. 4 Cir. 6/23/04), 879 So.2d 846, 850, *writ denied*, 04-1810 (La. 10/29/04), 885 So.2d 589.

After reviewing Mr. Duhon's April 22, 2021 deposition, we agree with Defendants that Mr. Duhon's actions prior to the subject accident are in accordance with La.R.S. 32:141. Specifically, Mr. Duhon testified that while traveling down University Avenue (near the intersection of University Avenue and Pinhook Road), he had two tires that suddenly blew out, both on the passenger side of vehicle. Mr. Duhon testified that he "tried to move the car" but that "it was immobile," so he put his "hazards on immediately[.]" When asked whether he made an effort to get to the shoulder, Mr. Duhon responded as follows:

> They really didn't have any shoulders in the area. I looked in front of me and also the road was split by a median, a grass median.
>
> . . . .
>
> So, I couldn't go across, or over or anything, there was no side to pull onto. And like I said, I couldn't get up on top of the curb because those two tires were busted so there would've been no climbing that curb.

When asked how long he stayed in that one spot before the subject accident occurred, Mr. Duhon responded, "[a]bout [a] 5 to 10 minute time frame." Mr. Duhon testified that his vehicle was stopped in the right travel lane but that the left lane was free and clear for traffic to move and pass. Mr. Duhon further reiterated that he tried to warn

7

others of his stalled vehicle by putting on his hazards and by standing right behind his immobilized car while attempting to contact a tow truck.

From our de novo review of the evidence submitted in support of the motion for summary judgment, especially the investigating officer's body camera footage taken at the accident scene, we find the Defendants met their burden of proof that Mr. Duhon's actions, prior to the accident, are in accordance with La.R.S. 32:141. Because Mr. Solomon failed to come forward with any evidence establishing that there is a genuine issue as to a material fact that Mr. Duhon breached a duty owed to him under these facts, we find the trial court properly granted Defendants' second motion for summary judgment.

We also find no merit to Mr. Solomon's argument that the summary judgment was premature in this matter due to a lack of discovery. Mr. Solomon did not file a motion for continuance or for additional discovery before the trial court heard Defendants' second motion for summary judgment. Additionally, the record shows that Mr. Solomon did not initiate any discovery during the time of the filing of the motion on November 23, 2021, and the hearing on the motion on March 2, 2022. Based on the pleadings and depositions in the record, we find the trial court acted within its great discretion in proceeding with the hearing on the Defendants' second motion for summary judgment.

In conclusion, we hereby affirm the trial court's March 16, 2022 judgment in favor of Bradley Duhon and Progressive Gulf Insurance Company. All costs of this appeal are assessed to the plaintiff, Mr. Clarence Solomon.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

8